## HIGHWAY MATERIALS, INC.

### v.

## BOARD OF SUPERVISORS OF WHITEMARSH TOWNSHIP, Appellant.

### Highway Materials, Inc.

### v.

**Board of Supervisors of Whitemarsh Township and Donald Cohan, Trina Cohan, Paul Henkels and Barbara Henkels**

**Appeal of: Donald Cohan, Trina Cohan, Paul Henkels and Barbara Henkels.**

Commonwealth Court of Pennsylvania.

Argued March 31, 2009.

Decided May 21, 2009.

Ross Weiss, West Conshohocken, for appellant, Board of Supervisors of Whitemarsh Township.

James J. Garrity, Blue Bell, for appellee, Highway Materials, Inc.

BEFORE: SMITH–RIBNER, Judge, BUTLER, Judge, and FLAHERTY, Senior Judge.

OPINION BY Judge BUTLER.

The Board of Supervisors of Whitemarsh Township (Board) and Donald Cohan, Trina Cohan, Paul Henkels and Barbara Henkels (Intervenors) appeal from an order of the Court of Common Pleas of Montgomery County (trial court) granting the appeal of Highway Materials, Inc. (Highway), reversing the decision of the Board, and remanding Highway's preliminary land development application to the Board for further review.[1] The issues before the Court are: 1) whether the trial court abused its discretion in permitting Highway to supplement the record; 2) whether a municipality may deny approval of a preliminary plan for land development where flaws warranting denial of the plan persisted, and/or it fails to comply in at least one material respect, with applicable ordinances; and 3) whether a municipality may deny approval of a land development plan where the municipality is offered a conditional extension of time to consider the plan. For reasons that follow, we affirm the trial court.

Highway owns 54 acres of property located on Stenton Avenue in Whitemarsh Township (Township) which lies almost entirely within a district originally zoned HVY–X Industrial. In 1999, Highway initiated discussions with the Township regarding its planned development of this property. During this time, public opposition to the development of the property began to grow and the opposition groups were attending Board and Township planning commission meetings demanding the commencement of condemnation proceedings or a rezoning of the property to limit the development to single family detached estate homes on large lots.

In November 2000, Highway submitted a "sketch" plan that was advertised for a public review by the Township's planning commission in February 2001. In July 2001, Donald Cohan (Cohan), a neighbor living several hundred yards from the property, filed a private petition with the Township requesting that the Board rezone all of Highway's properties, including the property at issue, to prohibit any use of the properties other than as open space or for residential development consisting of single family detached estate homes on large lots. Thereafter, the Board authorized a request for proposals from outside planning consultants seeking alternatives to the present zoning regulations then affecting the Highway properties. Highway subsequently began preparing its formal application to develop its ground "as of right" in accordance with those uses and regulations permitted and provided within an HVY–X Industrial zone.

Meanwhile, the Township was trying to accommodate and implement the rezoning proposals submitted by Cohan, as evidenced by an August 1, 2001 memorandum from Lawrence J. Gregan (Gregan), the Township's manager, to the Township staff, including a revised draft ordinance,

---

1. This order is appealable under this Court's analysis in Commonwealth v. Workers' Comp. Appeal Bd. (Harvey), 960 A.2d 957 (Pa. Cmwlth.2008).

and an August 7, 2001 memorandum from Gregan to the Board reiterating the Township's resolve to prevent Highway's development of the property in any manner consistent with the HVY–X Industrial zoning then in effect.

On September 10, 2001, Highway filed its land development application and preliminary plans for the proposed development, formally known as Creekside Commons, with the Township. On September 20, 2001, the Board held a regular meeting, without any notice to Highway, wherein it unanimously authorized the immediate advertisement of the "Cohan Rezoning Ordinance." On October 18, 2001, the Board rezoned all of Highway's properties from HVY–X Industrial to a newly created Ex–Extraction District, thereby limiting any development of Highway's properties to single family detached estate homes set upon one acre lots. At that same meeting, after the rezoning, the Board commissioned a study to determine the available zoning alternatives for the Highway properties.

On October 29, 2001, Highway received a review letter dated October 11, 2001, from Thomas F. Zarko (Zarko), the Township engineer, to Robert A. Ford, the assistant Township manager, regarding the Creekside Commons preliminary land development plans suggesting, among other things, that sanitary sewer alternatives be explored. On November 14, 2001, Highway's engineer, Timothy Woodrow, P.E. (Woodrow), wrote to Gregan and Zarko requesting clarification on how Highway should proceed with its sewer design, and requesting to meet with staff to discuss alternatives. Woodrow never received a response.

On November 20, 2001, Nels Sandburg, the principal planner of the Montgomery County planning commission, issued the County's review letter acknowledging that Highway had preserved its vested property rights with the site acquired under the prior HVY–X Industrial zoning. On November 27, 2001, Woodrow again wrote to the Township seeking input on the sewer. And on December 7, 2001, Highway's counsel, James J. Garrity (Garrity) wrote to Gregan and the Township solicitor, Ross Weiss (Weiss), requesting input and a meeting so that Highway could submit a sewer plan sufficient to gain Township approval. Garrity received no response.

On December 21, 2001, Highway submitted its first set of revised preliminary land development plans to the Township containing two sewer proposals. On January 16, 2002, Highway met with Township representatives but still did not receive any input regarding the sewer proposals; instead a discussion took place regarding a "mixed use" plan for the development of the property. On January 24, 2002, Zarko sent a second review letter of Highway's plans and reiterated the Township's earlier observations of the original plan's shortcomings, such as the lack of a 15 foot high berm, chain link fence with barbed wire and an inadequate storm water detention basin. On February 15, 2002, Garrity wrote to Weiss, and on February 18, 2002, Woodrow wrote to Gregan seeking clarification and input as to Highway's proposals.

On February 28, 2002, the Board again rezoned the subject property to an Ex–Extraction District. On March 4, 2002, Woodrow wrote to Gregan inviting him to two meetings intended to keep the Township involved in the design process for Creekside Commons land development. On March 7, 2002, the Board conducted a public meeting wherein they discussed Highway's pending preliminary sketch plan, involving a "mixed use" concept of office space and luxury apartments which met with overwhelming disapproval. On

March 8, 2002, Woodrow and Garrity received a letter from Gregan advising them that the Board would be scheduling Highway's preliminary plans for "action" before the planning commission and the Board, and that Gregan was authorized to attend the aforesaid two meetings. On March 12, 2002, Garrity wrote a letter to Gregan advising him that Highway's plans were not receiving the input necessary for approval, thus an extension of time would be appropriate. On March 15, 2002, Weiss wrote a letter to Garrity advising him to appear at the scheduled meetings where they would discuss Highway's pending plan and offer of extension of time at that time. On March 19, 2002, Garrity sent the Township a second set of revised preliminary plans for Creekside Commons, thereby waiving any mandatory time constraints for the Township to "act" on its plans.

The planning commission held its meeting on March 19, 2002, wherein the planning commission unanimously recommended that the Board reject Highway's application; and the Board held its meeting on March 21, 2002, wherein the Board unanimously adopted Resolution 2002–17, which denied Highway's application and preliminary plans for the development of Creekside Commons. On April 19, 2002, Highway appealed to the trial court. The trial court subsequently granted Donald Cohan, Trina Cohan, Paul Henkels, and Barbara Henkels the right to intervene. On September 17, 2002, Highway filed for leave to present additional evidence. Highway filed an amended motion on December 11, 2002. On May 30, 2003, the trial court granted the amended motion, and remanded the matter to the Board to take and accept additional evidence. On September 10, 2003, the trial court stayed all proceedings pending settlement discussions in federal court regarding a different matter with the same parties.

■ On April 1, 2004, the trial court issued an order appointing J. Edmond Mullin, Esquire as Referee for purposes of developing the supplemental record in this matter. On November 12, 2004, the Board and the Intervenors filed a motion to quash Highway's appeal or motion for summary judgment. The trial court denied the motions on March 4, 2005. On January 26, 2006, the Referee certified the supplemental record. Thereafter, the parties entered into settlement negotiations. Highway subsequently filed an argument praecipe. The trial court heard argument and on July 1, 2008 granted Highway's appeal, reversed the decision of the Board, and remanded the matter to the Board for further review. On July 15, 2008, the Board appealed to this Court, and on July 18, 2008, the Intervenors appealed to this Court. This Court consolidated the two appeals.[2]

■ The Board argues that the trial court abused its discretion in permitting Highway to supplement the record with additional evidence unrelated to the merits of Highway's land development plan. We disagree.

Section 1005–A of the Municipalities Planning Code [3] provides in pertinent part: "If, upon motion, it is shown that proper consideration of the land use appeal requires the presentation of additional evidence, a judge of the court ... may refer

---

2. This Court's standard of review where the trial court takes additional testimony is limited to a determination of whether the trial court abused its discretion or committed an error of law. *Larock v. Bd. of Supervisors,* 961 A.2d 916 (Pa.Cmwlth.2008).

3. Act of July 31, 1968, P.L. 805, *as amended,* added by Act of December 21, 1988, P.L. 1329, 53 P.S. § 11005–A.

the case to a referee to receive additional evidence...." Further, in *Claremont Properties, Inc. v. Bd. of Twp. Supervisors (Claremont)*, 118 Pa.Cmwlth.527, 546 A.2d 712 (1988), this Court reiterated the importance of cases involving property rights, noting that zoning changes acutely threaten one's property rights, thereby emphasizing the importance of building an adequate record in those cases.

In the instant case, the trial court could not rule on whether the Board had engaged in bad faith without comparing the treatment of Highway to the treatment of other developers who had submitted applications to the Board. The trial court needed to review all of the plans in the Township for the past several years to determine whether Highway received the same standard of review as the other plans. In addition, Highway's plans were "acted" upon at an informal hearing; hence Highway did not have an opportunity to present its case to the planning commission and/or the Board but rather only an opportunity to submit its plans. Thus, the trial court did not abuse its discretion in referring the case to a Referee to obtain additional evidence to facilitate its review.

■ The Board next argues a municipality may deny approval of a preliminary plan for land development where flaws warranting denial of the plan persisted. The Board contends that because Highway's plans continued to include a water basin in a residential district, and failed to include a berm or a chain link fence, the Board did not abuse its discretion in denying Highway's application. The Board relies on *Abarbanel v. Solebury Twp.*, 132 Pa.Cmwlth. 326, 572 A.2d 862 (1990) and *Shelbourne Square Assocs., L.P. v. Bd. of Supervisors, Twp. Of Exeter*, 794 A.2d 946 (Pa.Cmwlth.2002) (*Shelbourne*), to support this contention. In *Abarbanel*, this Court held that where a municipality has reviewed plans for the development of property in good faith, has highlighted the plan's deficiencies, and has given the developer an opportunity to cure those deficiencies, the municipality will not be found to have abused its discretion in denying an application based on failures of the plan to comply with township ordinances. In *Shelbourne*, this Court held that a municipality's denial of a land development application will be upheld where there is but a single valid reason to do so, even where other reasons cited are insufficient. Those cases however, did not involve bad faith.

A municipality has a legal obligation to proceed in good faith in reviewing and processing development plans. The duty of good faith includes discussing matters involving technical requirements or ordinance interpretation with an applicant, and providing an applicant a reasonable opportunity to respond to objections or to modify plans where there has been a misunderstanding or difference of opinion.

*Raum v. Bd. of Supervisors of Tredyffrin Twp.*, 29 Pa.Cmwlth. 9, 370 A.2d 777, 798 (1977). As the trial court noted in the instant case, Weiss, the Township solicitor, in response to a question by Garrity, Highway's attorney, regarding the Township's position on whether the water basin could be in a residential district, responded: "Jim, this is a controversial application. Do what you have to do. Don't ask me questions.... The Township is not going to work with you on and help you on a controversial development for such a large piece of property. Do what you have to do." Reproduced Record (R.R.) at 2803a, 2814a.

Moreover, as evidenced by numerous letters written by Woodrow, Highway's engineer, and Garrity, Highway was practically begging for someone from the Township to direct it regarding the sewer

system, as well as its interpretation of the ordinances requiring the chain link fence and the berm, but no direction was forthcoming. R.R. at 737a–738a, 744a, 882a–883a, 903a–904a, 906a–908a. As the Township did not proceed in good faith in advising Highway as to how to correct the defects in its plan, it did not afford Highway the opportunity to cure the deficiencies. Thus, it was an abuse of discretion for the Board to deny the plan for those reasons.

■ Finally, the Board relies on *Kassouf v. Twp. of Scott*, 584 Pa. 219, 883 A.2d 463 (2005) for the proposition that a municipality may deny approval of a land development plan where the municipality is offered a conditional extension of time to consider the plan. Specifically, the Board argues a municipality is not obligated to accept a proffered extension of time to take action on a submitted plan where revised plans submitted by the developer suffer the persistence of defects previously identified by the municipality in its review of prior iterations of the plans. The plans submitted by Highway, according to the Board, suffered such a persistence of defects identified by the Township engineer that the Township was not obligated to accept the extension offered by Highway. We disagree.

As stated by the trial court, the Court in *Kassouf* was dealing with a different set of facts. In *Kassouf*, the applicant had requested and received two extensions prior to the meeting wherein his final plan was voted upon. Although the applicant had in fact corrected some of the defects, it had not corrected all of them, and his plan was eventually denied.

In the instant case, Garrity, Highway's attorney, sent a letter to the Township, less than a month prior to being notified that a meeting was scheduled to "act" upon Highway's preliminary plan, specifically informing the Township that Highway would not be submitting a revised plan until receiving input from the Township. R.R. at 906a–908a. Four days after receiving notification of the meeting, Garrity wrote another letter to the Township requesting an extension because Highway had not received any input from the Township. R.R. at 11226a–1228a. Three days later, Garrity received a letter from Weiss, the Township's solicitor, advising him to appear at the hearing, prepared to discuss Highway's plan and request for extension. R.R. at 2574a. By not giving Highway the extension, the Township failed to afford Highway an opportunity to cure its defects. Without input from the Township, Highway could not submit a revised plan. Thus, it was an abuse of discretion for the Board to deny the plan when they were offered a conditional extension of time to consider the plan.

For all of the above reasons, the trial court did not abuse its discretion or commit an error of law in reversing the Board's order and remanding the matter to the Board for further review. The trial court's order is affirmed.

## ORDER

AND NOW, this 21st day of May, 2009, the July 1, 2008, order of the Court of the Court of Common Pleas of Montgomery County is hereby affirmed.