Jonathan DIETRICH and Melissa Dietrich, husband and wife, Appellants

v.

BUFFALO TOWNSHIP PLANNING COMMISSION and Buffalo Township.

Commonwealth Court of Pennsylvania.

Argued March 15, 2010.

Decided May 18, 2010.

Michael D. Reed, Harrisburg, for appellants.

Charles E. Zaleski, Carlisle, for appellees.

BEFORE: McGINLEY, Judge, and LEAVITT, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Senior Judge FRIEDMAN.

Jonathan and Melissa Dietrich (the Dietrichs) appeal from the March 12, 2009, order of the Court of Common Pleas of the 17th Judicial District (Union County Branch) (trial court), affirming the decision of the Buffalo Township Planning Commission (BTPC) to deny approval of the Dietrichs' preliminary land development plan (Plan). We vacate the trial court's order and remand for further proceedings.

The Dietrichs reside at 5931 Buffalo Road in Buffalo Township (Township), Union County, Pennsylvania. On June 16, 2008, the Dietrichs submitted to the Township an application to build a swine barn on their property along the west side of Baker Hollow Road and north of Snake Hill Road.[1] The proposed barn would consist of 69,500 square feet and house 8,800 swine. Due to its size, the proposed structure qualified as a Major Land Development under section 2.1.2.2 of the Township's Subdivision and Land Development Ordinance (Ordinance).[2]

The BTPC sent the Plan to the Union County Planning Commission, the Township Zoning Officer, and the Township Engineer for review. The Township Engineer noted several deficiencies in the Plan and recommended, among other things,

improving the intersection of Snake ·Hill and Baker Hollow Roads and widening the pavement on Baker Hollow Road. The Dietrichs subsequently revised the Plan in response to the Engineer's comments.

At a July 28, 2008, BTPC meeting, the parties discussed an alternative location for the driveway to the proposed barn. By letter dated August 21, 2008, the Dietrichs notified the BTPC that they declined to relocate the driveway along Baker Hollow Road because they believed that doing so would limit the usable farming land surrounding the proposed barn.

By letter dated September 24, 2008, the Township Solicitor notified the BTPC that the Township Board of Supervisors had voted to recommend denial of the Plan. In his letter, the Solicitor outlined several safety concerns, including the lack of safe and adequate access for the number and size of trucks needed to service the farm and the lack of a safe and adequate water supply.

It is undisputed that the ninety-day period for action on the Dietrichs' application under section 508 of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. § 10508,[3] would have expired on September 28, 2008. However, the parties

---

1. At the time of the application, the Dietrichs' property was already being used as a farm and contained two existing swine buildings, each housing approximately 2,200 swine.

2. Section 2.1.2.2 of the Ordinance states that a Major Land Development includes "[a] non-residential building greater than 2,000 square feet in size."

3. Section 508 of the MPC provides in relevant part:
   All applications for approval of a plat (other than those governed by Article VII), whether preliminary or final, shall be acted upon by the governing body or the planning agency within such time limits as may be fixed in the subdivision and land development ordinance but the governing body or the planning agency shall render its decision and communicate it to the applicant not later than 90 days following the date of the regular meeting of the governing body or the planning agency (whichever first reviews the application) next following the date the application is filed or after a final order of court remanding an application, provided that should the said next regular meeting occur more than 30 days following the filing of the application or the final order of the court, the said 90–day period shall be measured from the 30th day following the day the application has been filed. 53 P.S. § 10508.

agreed to extend that period by one day to September 29, 2008.

At its September 29, 2008, meeting, the BTPC voted to grant conditional approval of the Plan. By letter dated October 8, 2008, the BTPC notified the Dietrichs of its decision and gave them until October 29, 2008, to accept the five conditions outlined in the letter, stating that "[f]ailure ... to do so will nullify this conditional approval on October 29, 2008." The conditions addressed the safety concerns previously raised by the Township Solicitor.

On October 16, 2008, the Dietrichs sent the BTPC a written response, stating that they had no objection to the first four conditions[4] but that they believed the fifth condition (Condition # 5) was "unreasonably vague and arbitrary." Condition # 5 stated, "Resolve safety issues concerning Baker Hollow Road and Snake Hill Road to the satisfaction of the Township Supervisors." The Dietrichs explained that if this condition meant they were required to remedy pre-existing unsafe conditions on Township roads unrelated to the proposed use, they would treat the conditional approval as a *de facto* denial of their application and file an appeal. If, however, the condition meant they were required to make roadway improvements already implemented in connection with the Plan (*i.e.,* the intersection of Baker Hollow and Snake Hill Roads), they would accept the condition. Thus, at the conclusion of their letter, the Dietrichs asked the BTPC to clarify the meaning of Condition # 5.

The BTPC did not respond to the Dietrichs' request. Instead, at its next meeting on October 27, 2008, the BTPC voted to deny approval of the Plan on the ground that the Dietrichs had failed to accept the conditions stated in the conditional approval letter.[5] The BTPC considered the Dietrichs' failure to accept all conditions as a rejection of the conditions.

On October 29, 2008, the deadline for acceptance of the conditions, the Dietrichs filed a land use appeal in the trial court, docketed at No. CV–08–880 (First Appeal). The Dietrichs challenged the legality of Condition # 5, claiming that it was arbitrary and unreasonable, unsupported by substantial evidence, and not calculated to effectuate a legitimate purpose of the Ordinance.

Thereafter, on October 30, 2008, the BTPC issued a written decision denying approval of the Plan, citing numerous deficiencies, including: lack of safe and adequate access for the number and size of trucks needed; lack of a manure management plan; lack of a safe and adequate water supply; and lack of a fully executed Improvement Guarantee Agreement and fiscal guarantee. In its denial letter, the BTPC further stated:

A Conditional Approval was granted to your project on September 29, 2008. The failure on your part to execute concurrence with the conditions nullified the conditional approval on October 29, 2008 ( [Ordinance] 2.3.3.).[6]

4.  The first four conditions required the Dietrichs to furnish to the Township an approved NPDES/CAFO permit, an approved Nutrient Management Plan, and a fully executed Improvement Guarantee Agreement and fiscal guarantee.

5.  Neither the Dietrichs nor their counsel attended the October 27, 2008, meeting.

6.  Section 2.3.3. of the Ordinance provides:

The Planning Commission may grant preliminary or final plan approval subject to conditions acceptable to the applicant. The Planning Commission shall list all such conditions within 15 days of the date of the conditional approval and present the listing to the applicant for concurrence. Failure on the part of the applicant to execute such concurrence and return it to the Planning Commission within 30 days of the condi-

On November 26, 2008, the Dietrichs filed a second appeal in the trial court, docketed at No. CV–08–986 (Second Appeal), challenging the validity of the BTPC's October 30, 2008, written denial. Specifically, the Dietrichs claimed that the BTPC had no authority to deny approval of the Plan on October 27, 2008, before the deadline for acceptance of the initial conditions. The Dietrichs also claimed that the specific deficiencies cited in the October 30, 2008, denial letter had not been raised as part of the conditional approval.

The appeals were consolidated in the trial court. On March 12, 2009, the trial court affirmed the BTPC's denial of the Plan. In its adjudication, the trial court found that the Dietrichs never executed an acceptance of the conditional approval and, thus, the BTPC reasonably construed the Dietrichs' October 16, 2008, letter as a rejection of all conditions. Therefore, the trial court concluded that the First Appeal was rendered moot by the BTPC's subsequent denial of the Plan.

As to the Second Appeal, the trial court concluded that the BTPC's denial was supported by substantial evidence. The October 30, 2008, written denial properly referred to the specific provisions of the Ordinance with which the Plan did not comply. Specifically, the letter noted the following defects: inability to be safely developed because of topography and steep slopes; lack of safe and adequate access for the number and size of trucks needed; insufficient roadway width; lack of a right-of-way; lack of shoulders; and lack of pull-off areas for vehicles. The roadway deficiencies had been evaluated by the Township Engineer and were contained in the Road Safety Audit for Baker Hollow Road, which was attached to the decision letter. The trial court concluded that the numerous roadway defects rendered the Plan "injurious to the public interest." (Trial Court's Conclusions of Law, No. 24.5.) Furthermore, the Dietrichs failed to show that there would be a safe and adequate water supply for the project as required by section 4.16.2[7] of the Ordinance. The Township had already received complaints from nearby property owners regarding interference with the water supply during the Dietrichs' pump testing efforts. Finally, the Dietrichs failed to provide an Improvement Guarantee Agreement and/or fiscal guarantee as required by section 2.4.2[8] of the Ordinance.[9]

On appeal,[10] the Dietrichs argue that the trial court incorrectly deemed their First

---

tional approval date shall nullify the conditional approval.

**7.** Section 4.16.2 of the Ordinance provides:

Prior to subdivision plan approval the developer shall demonstrate that adequate, safe, and reliable water supply exists for the proposed development in accord with the standards of the Safe Water Drinking Act [*sic*].

**8.** Section 2.4.2.1 of the Ordinance provides:

In lieu of the completion of the improvements required as a condition of final plan approval, the applicant may file with the Township a fiscal guarantee or an improvements guarantee agreement in the amount of 110% of the cost of the improvements

estimated as of 90 days after the scheduled completion date of the improvements....

**9.** The trial court pointed out that one deficiency noted in the BTPC's written denial—lack of a manure management plan—was later remedied by the Dietrichs' submission of an approved Manure Management Plan. Therefore, the trial court concluded that that particular basis for denial was unsupported by substantial evidence. (Trial Court's Conclusions of Law, No. 25.)

**10.** This Court's review in a land use appeal, where the trial court received no additional evidence, is limited to a determination of whether the local agency abused its discretion or committed an error of law. *Kassouf v.*

Appeal moot and, thus, erred in failing to consider the First Appeal on its merits.[11] We agree.

■ The Dietrichs responded to the BTPC's conditional approval of the Plan by letter dated October 16, 2008, thirteen days before the BTPC's deadline for acceptance of the conditions. In that letter, the Dietrichs accepted the first four conditions imposed by the BTPC but asked the BTPC to clarify the meaning of Condition # 5 so that they could make a decision on whether to accept or reject it. They also notified the BTPC that if Condition # 5 meant they were required to remedy pre-existing unsafe roadway conditions, they would object to that condition, treat the conditional approval as a denial of their application, and file an appeal from that denial in the trial court.

However, the BTPC did not respond to the Dietrichs' request for clarification, thus leaving the Dietrichs in the position of objecting to one of the conditions as written with the time to appeal about to expire. Under these circumstances, we conclude that the Dietrichs acted properly in filing an appeal from the conditional approval. *See Stauffer v. Weisenberg Township Board of Supervisors*, 934 A.2d 783

(Pa.Cmwlth.2007) (noting that where applicant objects to conditions in conditional approval, proper remedy is land use appeal); *Koller v. Weisenberg Township*, 871 A.2d 286 (Pa.Cmwlth.2005) (noting that if applicant objects to conditions in conditional approval, aggrieved party may appeal to trial court for determination of whether objected-to conditions are legal); *Bonner v. Upper Makefield Township*, 142 Pa. Cmwlth. 205, 597 A.2d 196, 200 (1991) ("If a governing body imposes a condition that the applicant believes is illegal or otherwise unacceptable, the applicant has the right not to accept and to appeal the denial of the application to the court of common pleas.").

■ Furthermore, we conclude that the Dietrichs' First Appeal was not rendered moot by the BTPC's October 30, 2008, written denial of the Plan. In fact, we agree with the Dietrichs that the BTPC acted in bad faith in issuing its denial under the circumstances. In *Highway Materials, Inc. v. Board of Supervisors of Whitemarsh Township*, 974 A.2d 539 (Pa. Cmwlth.2009), this court recognized that a municipality has a legal obligation to act in good faith in reviewing and processing land development plans.[12] Here, the

*Township of Scott*, 584 Pa. 219, 883 A.2d 463 (2005).

11. In their brief, the Dietrichs also raise the following two issues:

(1) If the trial court is correct that the Dietrichs' October 16, 2008, letter nullified the BTPC's conditional approval of the Plan, are the Dietrichs entitled to a deemed approval since the BTPC failed to issue a decision within 90 days after submission of the Plan?

(2) Even if the trial court were procedurally correct in addressing only the Dietrichs' Second Appeal, did the trial court err in upholding the BTPC's denial of the Plan based on alleged deficiencies that were unsupported by substantial evidence?

(*See* Dietrichs' Brief at 4.) Because we conclude that the Dietrichs' first claim has merit, we need not address these remaining issues.

12. In *Highway Materials*, the developer had written numerous letters to the township, "practically begging for someone from the Township to direct it regarding the sewer system, as well as its interpretation of the ordinances requiring the chain link fence and the berm, but no direction was forthcoming." 974 A.2d at 544–45. In discussing a municipality's duty of good faith, our court noted that a municipality has an obligation to discuss technical matters, such as ordinance interpretation, with the applicant and to allow the applicant to modify plans " 'where there has been a misunderstanding or difference of opinion.' " *Id.* at 544 (citation omitted). The

BTPC failed to live up to its obligation. It was unreasonable for the BTPC to treat the Dietrichs' October 16, 2008, letter as rejection of *all* conditions when the letter expressly stated that they had no objection to four of the five conditions. It also was unreasonable for the BTPC to ignore the Dietrichs' explicit request for clarification of Condition # 5 and then vote to deny the Plan on October 27, 2008, two days *before* the deadline in the conditional approval letter. The BTPC undoubtedly could have explained the meaning of Condition # 5 before the October 29, 2008, deadline, as evidenced by its own written denial issued one day after the deadline. In its written denial, the BTPC specifically outlined the roadway safety issues referenced in the conditional approval letter.

Because the Dietrichs filed a timely appeal from the conditional approval *before* the BTPC issued its written denial, the trial court had jurisdiction to consider the merits of that appeal and should have done so. Accordingly, we vacate the trial court's order and remand for the consideration of the Dietrichs' First Appeal on its merits.

*ORDER*

AND NOW, this *18th* day of *May*, 2010, we hereby vacate the March 12, 2009, order of the Court of Common Pleas of the 17th Judicial District (Union County Branch) and remand this matter for further proceedings consistent with the foregoing opinion. Jurisdiction relinquished.

township, however, neither responded to the developer's inquiries nor offered the developer an opportunity to cure any defects.

Therefore, this court held that the Board of Supervisors acted in bad faith and abused its discretion in denying the plan. *Id.* at 545.