# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Hillandale Gettysburg, LP      :
     :
     v.      :
     :
Board of Supervisors of      :
Codorus Township,      :   No. 1398 C.D. 2016
     Appellant      :   Argued: March 7, 2017


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
            HONORABLE JOSEPH M. COSGROVE, Judge
            HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE COSGROVE           FILED: June 13, 2017


       The Board of Supervisors of Codorus Township (Township) appeals from a July 20, 2016 order of the Court of Common Pleas of York County (trial court), which reversed its denial of a land development plan filed by Hillandale Gettysburg, LP (Appellee). Upon review, we vacate and remand.

       Appellee is the owner of real property in Codorus Township upon which it operates a Concentrated Animal Feeding Operation (CAFO). On June 19, 2015, Appellee filed a land development plan (Plan) with the Township for the purpose of constructing and operating a poultry processing facility as part of the existing CAFO. The plan was developed by TeamAg, Inc. (TeamAg). Appellee received letters from three entities, the York County Planning Commission, the York County Conservation District, and the Township Engineer, dated July 13,

2015, July 10, 2015, and July 27, 2015, respectively, all of which advised Appellee of deficiencies in its plan.

At an August 6, 2015 Township meeting, three ordinances were adopted which affected future development of CAFOs. Neither TeamAg nor Appellee attended this meeting. On August 31, 2015, TeamAg and Appellee requested a 120-day extension on consideration of the Plan. At a Township meeting on September 9, 2015, the Township denied both the extension request and the Plan. TeamAg and Appellee were not present at this meeting and were unaware of the denials. By letter dated September 10, 2015, Appellee responded to the July 27, 2015 letter from the Township engineer and addressed the deficiencies of the Plan. TeamAg received no response to the September 10, 2015 letter, but was notified by Appellant in a letter dated September 16, 2015 that the extension request and the Plan were denied at the September 9, 2015 Township meeting. A more detailed explanation of the bases for the denials was set forth in a September 23, 2015 letter sent to TeamAg and Appellee.

Appellee appealed to the trial court, arguing the Township acted in bad faith by not granting the request for extension. In its complaint, Appellee alleged the ordinances passed at the August 6, 2015 Township meeting were directed at and hostile to CAFOs and, by denying the extension request and the Plan, the Township ensured any future Plan submissions by Appellee would be subject to the new ordinances.

The trial court, taking no additional evidence, granted the appeal by means of interlocutory order and remanded the matter to the Township to review Appellee's Plan under the ordinances in effect at the time the Plan was filed, to discuss matters involving technical requirements and ordinance interpretation, and

2

to provide Appellee a reasonable opportunity to respond to objections or modify plans where there had been a misunderstanding or difference of opinion. The trial court specifically found the Township acted in bad faith when it denied Appellee's first and only request for extension, thereby denying Appellee the opportunity to respond to objections. This appeal followed.[1]

> Appellant raises the following issues on appeal:
>
> 1. Whether the trial court's interlocutory order remanding the matter is immediately appealable?
>
> 2. Whether the trial court abused its discretion and/or erred as a matter of law in reversing and remanding the matter and finding Appellant acted in bad faith in denying Appellee's plan?

(Appellant's Brief at 4.)

The trial court granted Friends of York County Family Farms (Intervenor) the right to intervene. Intervenor adopts the arguments made by Appellant and adds that a finding of bad faith on the part of an administrative agency which has denied an extension request would send a chill throughout state and local agencies.

## DISCUSSION

The preliminary issue which must be decided is whether the interlocutory order of the trial court is immediately appealable.

---

[1] Our review in a land use appeal where the trial court heard no additional evidence is limited in scope to a determination of whether the local agency abused its discretion or committed an error of law. *Kassouf v. Township of Scott,* 883 A.2d 463, 469 (Pa. 2005).

The Township argues that if the matter were simply remanded to the Board of Supervisors, the trial court's finding that the Township acted in bad faith would escape appellate review. The Township relies on *Schultheis v. Board of Supervisors of Upper Bern Township, Berks County,* 727 A.2d 145 (Pa. Cmwlth. 1999). The relevant facts of *Schultheis* are as follows: Schultheis filed with the township a sketch plan for subdivision of its property. Upon review, the county planning commission determined the plan did not conform to the county comprehensive plan. Schultheis thereafter filed a preliminary plan with the township. The county planning commission found this plan also failed to conform to the county comprehensive plan and it failed to address many deficiencies identified in the sketch plan. The township denied the plan and Schultheis appealed to the trial court. The trial court granted Schultheis' appeal and remanded the case to give the developer an opportunity to correct the alleged deficiencies. Following an appeal, this Court concluded that, while the order at issue was interlocutory, the preliminary plan would escape appellate review and the matter was immediately appealable under Pa.R.A.P. 311(f)(2).[2] Otherwise, once Schultheis was provided an opportunity to revise his plan and present it to the township, the only issues then appealable would be those related to the revised plan and not the defective preliminary plan.

Appellee argues *Schultheis* is distinguishable because in *Schultheis* the trial court allowed the developer to revise its plan prior to consideration by the township, which essentially decided the merits of the case before it was remanded

---

[2] An appeal may be taken as of right from an order of a common pleas court or government unit remanding a matter to an administrative agency or hearing officer that decides an issue that would ultimately evade appellate review if an immediate appeal is not allowed. Pa.R.A.P. 311(f)(2).

4

to the township. We cannot agree. The ultimate decision in *Schultheis* turned on whether an issue would evade appellate review if the order were not deemed immediately appealable.

It is clear in the case *sub judice*, that, upon remand, the Township will review the deficiencies in Appellee's Plan and determine whether they are amenable to correction. But the issue of whether the Township acted in bad faith will be forever settled by the decision of the trial court. We therefore conclude that the order of the trial court is immediately appealable under Rule 311(f)(2) and we may proceed with reviewing the Township's second argument.[3]

The Township next argues the trial court abused its discretion in reversing and remanding the matter to the Township and finding the Township acted in bad faith when it denied Appellee's Plan. In support of its argument, the Township cites to *Kassouf v. Township of Scott,* 883 A.2d 463 (Pa. 2005) and *Abarbanel v. Solebury Township*, 572 A.2d 862 (Pa. Cmwlth. 1990), two cases in which the townships involved were found to have acted in good faith.

The underlying facts in *Kassouf* and *Abarbanel*, however, render those matters easily distinguished from the case *sub judice.* Extension requests submitted by the developers were granted in both cases. In *Abarbanel,* the township granted the developer an extension request; however, the developer subsequently failed to file a revised plan. In *Kassouf*, the developer submitted multiple revisions to his plan and was given ample opportunity to correct any

---

[3] Intervenor argues that, should the lower court's remand order stand and escape appellate review, "it would put a chill on other administrative agencies." (Intervenor's Brief at 7.) While Intervenor sets forth a number of burdens to which agencies would be subjected should the finding of bad faith survive, it does not expand upon the claim that bad faith would send a "chill" throughout state and local agencies. Because we have concluded the trial court's order is immediately appealable, we will not address Intervenor's argument further.

5

defects prior to the township's deadline. He simply was unable to adequately address those defects. Presently, Appellee was denied its first and only extension request and provided no opportunity to file a revised plan.

> A municipality has a legal obligation to proceed in good faith in reviewing and processing development plans. The duty of good faith includes discussing matters involving technical requirements or ordinance interpretation with an applicant, and providing an applicant a reasonable opportunity to respond to objections or to modify plans where there has been a misunderstanding or difference of opinion.

*Raum v. Board of Supervisors of Tredyffrin Township*, 370 A.2d 777, 798 (Pa. Cmwlth. 1976).

The trial court based its finding of bad faith on two points.[4] Likening the facts in the present matter to those in *Highway Materials, Inc. v. Board of Supervisors of Whitemarsh Township*, 974 A.2d 539 (Pa. Cmwlth. 2009), the trial court found the Township acted in bad faith where it denied Appellee's first and only request for extension, thereby denying Appellee the opportunity to respond to objections. (Trial Court Opinion (T.C.O.) at 7.) The trial court also found the Township's departure from past practices, wherein it would provide Appellee specific notice of the date and time of the Township meeting at which Appellee's plan was to be considered, as indicative of bad faith on the part of the Township. *Id.* at 8.

---

[4] In its brief, Appellee cites the ordinances approved by the Township at the August 6, 2015 meeting as indicative of the Township's bad faith in disapproving the Plan. The trial court explicitly declined to assume the ordinances were a motivating factor in the Township's denial of the Plan. Because we conclude the trial court's opinion must be vacated and the case remanded for development of a record, we will not address this issue herein.

6

We disagree with the trial court that the record as it stands reflects bad faith on the part of the Township. The record, or lack thereof, likewise prevents us from concluding the Township acted in good faith. The Township conducted no hearings and the trial court took no additional evidence. Appellee filed its Plan in June 2015. (R.R. at 3a.) In July 2015, Appellee received three letters indicating those areas in which the Plan was deemed deficient. (R.R. at 3a-5a, 25a-32a.) On August 31, 2015, Appellee requested an extension of time for consideration of its plan. (R.R. at 6a.) On September 9, 2015, the Township denied the extension request and Appellee's Plan. (R.R. at 12a.) In a letter dated September 10, 2015, Appellee mailed the Township revised plans, unaware the Plan had already been disapproved. (R.R. at 7a.)

Both parties argue past practices should factor into a bad faith inquiry. Appellee avers the Township has, in the past, provided notification when a plan would be considered at a forthcoming meeting. This assertion is supported by a letter dated July 13, 2015 from the Township's counsel to TeamAg, indicating the Township intended to take action on a different project of Appellee's at the next meeting scheduled for August 6, 2015. (R.R. at 48a-49a.) The Township response to this argument is that Township meetings are publicly advertised. (Township's Brief at 18.) Further, the Township asserts Appellee has a history of not responding to the Township when apprised other plans were scheduled for consideration at Township meetings. *Id.* at 17. Neither TeamAg nor Appellee appeared at the August 6, 2015 Township meeting for which notice had been provided. *Id.* Beyond the July 13, 2015 letter and averments made in the briefs of the parties, there is nothing in the record to evidence the past practices between Appellee and the Township.

7

We agree with the Township that *Highway Materials* is instructive. *Highway Materials* likewise concerned a question of bad faith on the part of the township in denying a developer's application and preliminary plans. The trial court appointed a referee for purposes of developing a supplemental record. This Court concluded such an act was not an abuse of discretion because the trial court "could not rule on whether the Board had engaged in bad faith without comparing the treatment of Highway to the treatment of other developers who had submitted applications to the Board." *Highway Materials*, 974 A.2d at 544. Instantly, in the absence of a record, it is not possible to determine the past practices of the parties and, specifically, whether the Township's failure to act in concert with same evidences bad faith.

For these reasons, we vacate and remand to the trial court for further development of the record to determine whether past practices of the parties indicates bad faith on the part of the Township.

_____
JOSEPH M. COSGROVE, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Hillandale Gettysburg, LP                     :
                                              :
               v.                             :
                                              :
Board of Supervisors of                       :
Codorus Township,                             :     No. 1398 C.D. 2016
                         Appellant            :

## O R D E R

AND NOW, this 13th day of June, 2017, the order of the Court of Common Pleas of York County dated July 20, 2016 is VACATED and the matter is REMANDED for proceedings consistent with this opinion. Jurisdiction is relinquished.


_____
JOSEPH M. COSGROVE, Judge