IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Amos Conley Farms, | : | |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| West Hempfield Township | : | |
| Zoning Hearing Board | : | |
| | : | |
| v. | : | |
| | : | |
| Saadia Group LLC | : | |
| | : | |
| v. | : | |
| | : | No. 1342 C.D. 2024 |
| West Hempfield Township | : | Argued: December 8, 2025 |

BEFORE:    HONORABLE CHRISTINE FIZZANO CANNON, Judge
                    HONORABLE LORI A. DUMAS, Judge
                    HONORABLE MATTHEW S. WOLF, Judge

OPINION
BY JUDGE FIZZANO CANNON                         FILED: February 11, 2026


Amos Conley Farms (Conley) appeals from orders of the Court of Common Pleas of Lancaster County (Trial Court) dated March 11, 2024 and September 12, 2024. The Trial Court denied Conley's appeal from the deemed denial of Conley's substantive validity challenge asserting that an ordinance of West Hempfield Township (Township) constituted improper spot zoning. Upon review, we quash the appeal of the March 11, 2024 order. Further, because the Trial Court applied an incorrect legal standard and failed to make its own findings of fact, we are constrained to vacate the September 12, 2025 order and remand for issuance of a new decision.

# I. Background

Saadia Group, LLC (Saadia) has an agreement to purchase the tract of land at issue, which is located in the Township. The agreement is contingent on Saadia's ability to have the zoning of the tract changed from Rural Agricultural (RA) to General Industrial (I-2). Upon Saadia's request, the Township enacted Ordinance No. 1-22 amending the Township Zoning Ordinance to make the requested zoning change for the tract at issue.

Conley brought a substantive validity challenge to Ordinance No. 1-22, asserting that the zoning change constituted improper spot zoning. Conley asserts that, notwithstanding its payment of a $700.00 filing fee to bring its challenge, the Township's Zoning Hearing Board (Board) never scheduled a hearing on Conley's validity challenge. Br. for Appellant at 23. Therefore, the challenge was deemed denied by operation of law. *See id.*, Appendix A at 1.

Conley then appealed to the Trial Court and requested a hearing in order to present evidence. The Trial Court appointed a Hearing Officer to take evidence. The Hearing Officer issued proposed Findings of Fact, Conclusions of Law, Discussion, and Recommended Decision, recommending denial of Conley's appeal. Reproduced Record (RR) at 56a-88a. On March 11, 2024, the Trial Court issued an order declining to entertain any exceptions to the Hearing Officer's proposed Findings of Fact, Conclusions of Law, Discussion, and Recommended Decision and setting a briefing schedule, opining that discussion in the parties' briefs would be as effective as proceeding through the filing of exceptions. RR at 128a-29a. Thereafter, the Trial Court issued a short opinion of just four paragraphs adopting the Hearing Officer's recommended Findings of Fact and Conclusions of Law in

their entirety, making no independent finding of its own and setting forth no legal analysis in its opinion. *See generally* Br. for Appellant, Appendix A.

Notably, in adopting the Hearing Officer's proposed Findings of Fact, the Trial Court initially stated correctly that its review was *de novo*. Despite that statement, however, the Trial Court went on to conclude, without any legal discussion or citation of authority,

> that the Recommended Findings of Fact are ***supported by substantial evidence***, that the Conclusions of Law are supported by the Findings of Fact and the applicable law which governs a claim of spot zoning, and that the Discussion engages in an analysis of the Findings and Conclusions which is balanced, in accordance with the governing law and standards respecting a spot zoning challenge, and is correct in its reasoning.

*Id.* at 2-3 (emphasis added).

The Trial Court issued a one-sentence order denying Conley's appeal. *Id.* at 4. Conley's appeal to this Court followed.

## II. Issues

Substantively, Conley reasserts on appeal that the Township's enactment of the amending ordinance constituted improper spot zoning.[1] Further,

_____

[1] This Court has explained the concept of "spot zoning" as follows:

> Spot zoning, a form of discriminatory zoning, has been defined as "(a) singling out of one lot or a small area for different treatment from that accorded to similar surrounding land indistinguishable from it in character, for the economic benefit of the owner of that lot or to his economic detriment . . . ." *Mulac Appeal*, . . . 210 A.2d 275, 277 ([Pa. ]1965). In *Mulac Appeal*, our Supreme Court noted that there is no formula which can be applied with mathematical

3

certainty to determine whether a particular situation constitutes spot zoning. The Court went on to state:

> Clearly, the size of the property involved is only one of the determining factors. What is most determinative is whether the parcel in question is being singled out for treatment unjustifiably differing from that of similar surrounding land, thereby creating an "island" having no relevant differences from its neighbors. *Id.* at 210, 210 A.2d at 277.

> This Court has mentioned topography, location, and characteristics of the tract as factors which may be taken into account. *Pollock v. Zoning [Bd.] of Adjustment*, . . . 342 A.2d 815 ([Pa. Cmwlth. ]1975). We have been cautioned by the Supreme Court, however, not to limit our inquiry to the mere physical aspect and characteristics of the land, but also to consider how the rezoning affects the public health, safety, morals, and general welfare and how it relates to the township's comprehensive plan. *Schubach v. Silver*, . . . 336 A.2d 328, 336 n. 14 ([Pa. ]1975). These factors, when assessed, must clearly indicate that a zoning ordinance is arbitrary and unreasonable and has no substantial relation to the general welfare of the public. If the validity of the legislation is fairly debatable, the legislative judgment must be allowed to control. *Id.* at . . . 335.

*Appeal of Benech*, 368 A.2d 828, 830-31 (Pa. Cmwlth. 1977). Here, Conley's argument in support of its validity challenge points to numerous factors including the rural zoning in the portion of the Township containing the property Saadia proposes to purchase, the presence of agricultural security areas and conservation easements among the properties in the Township surrounding Saadia's proposed purchase, the peaceful and scenic character of the area that is prized by residents and visitors, the inconsistency of the ordinance with the Township's comprehensive plan, and the insufficiency of the narrow country roads in the area to handle truck traffic that would be generated by industrial activity. Further, although one property adjacent to Saadia's proposed purchase is zoned for industrial use, Conley points out that that property is in a different township. Moreover, in *Schubach v. Zoning Board of Adjustment (Philadelphia)*, 270 A.2d 397 (Pa. 1970), our Supreme Court rejected the argument that alleged spot zoning can be justified by its proximity to existing similar zoning, explaining:

> The appellees also place substantial emphasis upon the fact that there is a very large commercially-zoned area within a few hundred feet to the north of the premises in question. It is argued that this [p]er se indicates that the area is not truly residential in nature and, therefore, that the [premises in question] should also be

4

Conley contends that the Trial Court erred by adopting and incorporating by reference the entirety of the Hearing Officer's proposed Findings of Fact, Conclusions of Law, Discussion, and Recommended Decision. We address the latter issue first and, because we dispose of the case on that basis, we do not reach the substance of Conley's appeal.

### III. Discussion[2]
### A. The March 11, 2024 Order

Preliminarily, we observe that Conley purports to appeal from the Trial Court's March 11, 2024 order as well as from the September 12, 2024 order. However, Conley's brief in this Court fails to address the March 11, 2024 order or assert any basis for error in the Trial Court's issuance of that order, and this Court's review of the record fails to reveal any legal basis for Conley's challenge to that order. Accordingly, we conclude that any issue regarding the appeal of the March 11, 2024 order has been waived, and that appeal is quashed. *See Commonwealth v. Armolt*, 294 A.3d 364, 377 (Pa. 2023) (stating that "[w]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to

---

> commercially zoned. We are not persuaded by such an argument since it would mean that every borderline area in the city could be subjected to such down zoning. The extension of this reasoning could lead to one tract after another falling into the C-2 classification: since A is C-2, then B should be C-2; since B is C-2, then C should be C-2; since C, then D; and so on, ad infinitum.

*Id.* at 400.

[2] Where the trial court takes additional evidence in a zoning matter, this Court's review "is limited to a determination of whether the trial court abused its discretion or committed an error of law." *Highway Materials, Inc. v. Bd. of Supervisors of Whitemarsh Twp.*, 974 A.2d 539, 543 (Pa. Cmwlth. 2009) (citing *Larock v. Bd. of Supervisors*, 961 A.2d 916 (Pa. Cmwlth. 2008)).

develop the issue in any other meaningful fashion capable of review, that claim is waived") (quoting *Banfield v. Cortés*, 110 A.3d 155, 168 n.11 (Pa. 2015)) (additional quotation marks omitted).

## B. The September 12, 2024 Order

Section 1005-A of the Pennsylvania Municipalities Planning Code (MPC)[3] provides:

> If, upon motion, it is shown that proper consideration of the land use appeal requires the presentation of additional evidence, a judge of the court may hold a hearing to receive additional evidence, may remand the case to the body, agency or officer whose decision or order has been brought up for review, or *may refer the case to a referee to receive additional evidence*, provided that appeals brought before the court pursuant to section 916.1 shall not be remanded for further hearings before any body, agency or officer of the municipality. If the record below includes findings of fact made by the governing body, board or agency whose decision or action is brought up for review and the court does not take additional evidence or appoint a referee to take additional evidence, the findings of the governing body, board or agency shall not be disturbed by the court if supported by substantial evidence. If the record does not include findings of fact or *if additional evidence is taken by the court or by a referee, the court shall make its own findings of fact* based on the record below as supplemented by the additional evidence, if any.

53 P.S. § 11005-A (emphasis added). *See Mitchell v. Zoning Hearing Bd. of the Borough of Mount Penn*, 838 A.2d 819, 825 (Pa. Cmwlth. 2003) (observing that "[w]here the trial court took any additional evidence on the merits, . . . it must determine the case *de novo*, making its own findings of fact . . ." and that "[i]t is well

---

[3] Act of July 31, 1968, P.L. 805, *as amended*, added by the Act of December 21, 1988, P.L. 1329, 53 P.S. § 11005-A.

established that the trial court's receipt of any additional factual evidence on the merits of the zoning appeal is sufficient to require the trial court to make its own findings of fact"); *Appeal of Phila. Ctr. for Dev. Servs., Inc.*, 462 A.2d 962, 965 (Pa. Cmwlth. 1983) (observing that a trial court "could properly make its own fact findings . . . if the court took additional evidence itself or through a referee"); *Lutz v. E. Hanover Twp. Zoning Hearing Bd.*, 333 A.2d 229, 230-31 (Pa. Cmwlth. 1975) (explaining that a common pleas court that takes additional evidence in a zoning appeal has a duty to decide the matter on its merits and resolve disputed factual matters *de novo*); *accord Highway Materials, Inc. v. Bd. of Supervisors of Whitemarsh Twp.*, 974 A.2d 539, 544 (Pa. Cmwlth. 2009) (concluding that a trial court properly referred the case to a referee to obtain additional evidence to facilitate the court's review); *Sowich v. Zoning Hearing Bd. of Brown Twp.*, 214 A.3d 775, 785 & 787 (Pa. Cmwlth. 2019) (concluding that, under Section 1005-A of the MPC, a trial court was required to make findings of fact on the additional evidence presented at a remand hearing before the zoning hearing board, where the board did not issue new findings).

Here, as discussed above, the Trial Court neither made its own findings nor applied any independent legal analysis to the issues raised by Conley. *See generally* Br. for Appellant, Appendix A. As set forth above, the language of Section 1005-A specifically allows a trial court to appoint a referee "***to receive additional evidence.***" 53 P.S. § 11005-A (emphasis added). It does ***not*** authorize the court to delegate its decision-making authority to the referee. To the contrary, Section 1005-A expressly requires that "***if additional evidence is taken by the court or by a***

7

***referee, the court shall make its own findings of fact*** . . . ." *Id.* (emphasis added).[4]

Accordingly, the Trial Court's wholesale adoption of the Hearing Officer's proposed findings without independent weighing of the evidence did not comport with the requirements of Section 1005-A.

The Trial Court stated that it had reviewed the evidence, thereby implying an independent analysis. Critically, however, its opinion actually belied that implication. Rather than reviewing the evidence *de novo* as required, the Trial Court expressly stated it was adopting the Hearing Officer's proposed findings as

---

[4] This provision is analogous to that in Section 908(2) of the MPC, regarding zoning hearing board decisions, which similarly allows the board to appoint a hearing officer to take evidence, while requiring the board to make its own findings unless the parties agree otherwise, stating:

> The hearings shall be conducted by the board or the board may appoint any member or an independent attorney as a hearing officer. The decision, or, where no decision is called for, the findings shall be made by the board; however, the appellant or the applicant, as the case may be, in addition to the municipality, may, prior to the decision of the hearing, waive decision or findings by the board and accept the decision or findings of the hearing officer as final.

53 P.S. § 10908(2).

Although the dissent appears to suggest that a court may delegate away its adjudicative function to a master in the absence of specific statutory authority to do so, the language of the MPC, which expressly allows a hearing officer *only to take evidence*, contrasts sharply with other contexts in which courts are authorized to appoint masters to conduct hearings and make recommendations for dispositions. For example, in the divorce and custody contexts, the governing statute and rule of court specifically authorize the trial court to appoint a master to hear evidence *and make recommendations for disposition*, while notably preserving the court's obligation to perform the actual adjudicative functions. *See* 23 Pa.C.S. § 3321 (stating that a court "may appoint a master to hold a *nonrecord* hearing and to make recommendations . . . in which case *either party may demand a hearing de novo* before the court") (emphasis added); Pa.R.C.P. 1920.51(a)(1) (specifying the purposes for which a master may be appointed to hear testimony and issue a report and recommendation). Such express authority to appoint a master *to make recommendations* is conspicuously missing from the MPC here, as the dissent concedes. Also notably missing are the safeguards assuring the court's performance of its adjudicative function.

***supported by substantial evidence***. Assuming, without deciding, that the Trial Court could properly adopt the Hearing Officer's proposed decision wholesale, supported only by a bare statement that the Trial court had conducted its own review and analysis of the evidence, that is not what happened here. The Trial Court's statement that it was adopting the Hearing Officer's proposed Findings of Fact as ***supported by substantial evidence*** demonstrated an improperly deferential review and adoption of the Hearing Officer's proposed Findings of Fact. Further, the Trial Court's improperly adopted findings, in turn, formed the basis for the Trial Court's adoption of the Hearing Officer's proposed Conclusions of Law and Recommended Decision. Because the Trial Court itself indicated that it failed to conduct a *de novo* review of the evidence taken by the Hearing Officer and make its own findings and conclusions based on that review, we must vacate the Trial Court's order and remand this matter for a new opinion that complies with Section 1005-A, including ***independent*** findings of fact, conclusions of law, and a legal discussion reflecting the Trial Court's ***independent*** analysis of the record evidence. *Accord Ford v. Zoning Hearing Bd. of Caernarvon Twp.*, 616 A.2d 1089, 1093 (Pa. Cmwlth. 1992) (observing that "[w]hen a trial court fails to make factual findings, the proper remedy is to remand the case to the trial court to either make the necessary factual findings or to remand to the [zoning hearing] board to make factual findings") (citing *Allied Servs. for the Handicapped, Inc. v. Zoning Hearing Bd. of City of Scranton*, 459 A.2d 60 (Pa. Cmwlth. 1983)).

Finally, because we must remand this matter, we do not reach the substance of Conley's appeal. *See Boss v. Zoning Hearing Bd. of Borough of Bethel Park*, 443 A.2d 871, 872 (Pa. Cmwlth. 1982) (holding that "the lower court erred procedurally by failing to decide the case on its merits . . ." when it did not make

9

findings of fact after additional evidence was developed, and explaining that "[s]ince we must remand because of procedural error, analysis of the substantive claim will not be undertaken").

## IV. Conclusion

Based on the foregoing discussion, Conley's appeal of the March 11, 2024 order is quashed. The Trial Court's September 12, 2024 order is vacated. This matter is remanded to the Trial Court for issuance of a new decision applying the correct legal standard and including the Trial Court's own findings of fact and conclusions of law reflecting its application of independent review and analysis of the record and applicable law.

_____
CHRISTINE FIZZANO CANNON, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Amos Conley Farms, | : | |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| West Hempfield Township | : | |
| Zoning Hearing Board | : | |
| | : | |
| v. | : | |
| | : | |
| Saadia Group LLC | : | |
| | : | |
| v. | : | |
| | : | No. 1342 C.D. 2024 |
| West Hempfield Township | : | |

**O R D E R**

AND NOW, this 11th day of February, 2026, the appeal of Amos Conley Farms from the order of the Court of Common Pleas of Lancaster County (Trial Court) dated March 11, 2024 is QUASHED. The Trial Court's order dated September 12, 2024 is VACATED. This matter is REMANDED to the Trial Court for further consideration and issuance of a new decision consistent with the foregoing opinion.

Jurisdiction is relinquished.

_____
CHRISTINE FIZZANO CANNON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Amos Conley Farms,  :
     Appellant  :
              :
    v.       :
              :
West Hempfield Township  :
Zoning Hearing Board  :
              :
    v.       :
              :
Saadia Group LLC  :
              :
    v.       :
              :   No. 1342 C.D. 2024
West Hempfield Township  :   Argued: December 8, 2025

BEFORE: HONORABLE CHRISTINE FIZZANO CANNON, Judge
     HONORABLE LORI A. DUMAS, Judge
     HONORABLE MATTHEW S. WOLF, Judge

DISSENTING OPINION BY
JUDGE WOLF          FILED: February 11, 2026

   Respectfully, I dissent.  There is nothing in Section 1005-A[1] or elsewhere in the Municipalities Planning Code (MPC) preventing a lower court from adopting by reference a hearing officer's recommended factual findings and legal conclusions, so long as the lower court conducts an independent analysis of the record in order to evaluate the hearing officer's recommendations.  While there is no disputing the Majority's observation that Section 1005-A "does ***not*** authorize the [lower] court to

---

[1] Act of July 31, 1968, P.L. 805, *as amended*, added by the Act of December 21, 1988, P.L. 1329, 53 P.S. § 11005-A.

delegate its decision-making authority to the referee,"[2] there is no reason to suppose that is what happened here. After noting its *de novo* standard of review of the matter, the Trial Court explained that its adoption of the Hearing Officer's recommended findings followed a review of "*the transcripts of the testimony and evidence on which they were based*[.]" Conley's Br., App. A, Trial Ct. Op. at 2 (emphasis added). On this basis, the Trial Court went on to "adopt[] in full and incorporate[] by reference the Findings of Fact, Conclusions of Law and Discussion contained in [the hearing officer's] report *as its own*." *Id.* at 3 (emphasis added). Courts, including the Commonwealth Court, regularly fully adopt findings by other judges, hearing officers, referees and other adjudicators. That is essentially what happened in the Trial Court.

Within the above context, the Trial Court's passing reference to "substantial evidence" appears to be a misplaced turn of phrase rather than an admission that it had abdicated its duty under the MPC to examine the record afresh. While perhaps inartful, the Trial Court's use of that phrase does not, in my opinion, rise to the level of reversible error. *Cf. City of Clairton v. Zoning Bd. of City of Clairton*, 246 A.3d 890, 907 (Pa. Cmwlth. 2021) (holding that use of the word "affirmed" in a trial court's review of a zoning board's decision "does not convert the trial court's analysis from *de novo* review to appellate review" where "a plain reading of the trial court's opinion indicates that it considered the case anew").

The Majority responds to this Dissent by characterizing the above as endorsing a court delegating away its adjudicative function to a master in the absence of authority. Adoption by reference, referred to in the second sentence of this opinion, and delegating away, referred to in the third sentence of this opinion, are

---

[2] *Amos Conley Farms, Inc. v. West Hempfield Twp. Zoning Hearing Bd., et al.* (Pa. Cmwlth., No. 1342 C.D. 2024, filed February 11, 2026), slip op. at 7 (emphasis in original).

completely different concepts. I have been careful in this opinion to recognize the difference between these two concepts.

For the foregoing reasons, I would have reached the merits of Conley's appeal from the Township's deemed denial of its validity challenge.

 

 

_____
MATTHEW S. WOLF, Judge
