## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| Li Lan An, | : |
| Appellant | : |
| | : No. 37 C.D. 2024 |
| v. | : |
| | : Submitted: February 4, 2025 |
| Zoning Hearing Board of O'Hara | : |
| Township and Township of O'Hara | : |

BEFORE:    HONORABLE ANNE E. COVEY, Judge
HONORABLE CHRISTINE FIZZANO CANNON, Judge
HONORABLE LORI A. DUMAS, Judge

## *OPINION NOT REPORTED*

**MEMORANDUM OPINION BY**
**JUDGE DUMAS**                                    **FILED:  March 5, 2025**

Li Lan An (Appellant) has appealed from the order entered by the Court of Common Pleas of Allegheny County (Common Pleas) on December 18, 2023, through which Common Pleas affirmed a decision by the Zoning Hearing Board of O'Hara Township (Board), entered January 11, 2022, which denied Appellant's zoning application.  We affirm.

### I. BACKGROUND

This matter returns to us nearly five years after our disposition of Appellant's original appeal to our Court.  To briefly recapitulate the long journey taken by this matter,[1] Appellant owns a residentially zoned property located at 703

---

[1] We provided a lengthier and more detailed discussion of this journey in 2020, through our opinion for *Li Lan An v. Zoning Hearing Board of O'Hara Township* (Pa. Cmwlth., No. 776 C.D. 2019, filed May 12, 2020), 2020 WL 2394268 (*O'Hara I*).  As for this background section, we

Woodland Drive in Pittsburgh, Pennsylvania (Property). In December 2017, Appellant filed a zoning application (Zoning Application) with the Board, through which she requested a dimensional variance from the Township Zoning Ordinance's minimum lot width requirement for R-1 residential-zoned properties. This Zoning Application was in furtherance of Appellant's previously filed subdivision application, via which she had requested O'Hara Township's (Township) authorization to split the Property into two lots.

The Board then convened a hearing regarding the Zoning Application in January 2018, during the course of which Appellant's attorney also argued in the alternative that such variance relief was unnecessary, because the Property actually consisted of two preexisting, nonconforming lots. Ultimately, the Board denied the Zoning Application, because it concluded that Appellant had failed to establish either that she was entitled to her desired variance or that the Property was, in fact, two preexisting, nonconforming lots. Common Pleas subsequently affirmed the Board's decision on appeal. Thereafter, our Court affirmed Common Pleas in part, with regard to the variance issue. However, we also concluded that the Board had not properly resolved the nonconforming lot question; accordingly, we vacated Common Pleas' order in part and remanded the matter with instructions that Common Pleas further remand to the Board so that it could correct this error.

The Board then held a second hearing on November 1, 2021, after which it issued an opinion on January 11, 2022, in which it concluded that Appellant had failed to prove that her Property was anything other than a single, unitary lot.

---

have derived its substance from Common Pleas' opinion, which it issued on the same day as the aforementioned order, as well as the opinion the Board issued in response to *O'Hara I*. *See generally* Bd.'s Op., 1/11/22; Common Pleas Op., 12/18/23.

Common Pleas subsequently affirmed the Board's determination on December 18, 2023, whereupon Appellant once again appealed the matter to our Court.

## II. DISCUSSION

We reorder and summarize Appellant's arguments as follows.[2] First, Appellant asserts that the Board erred on remand by wholly adopting the Township's proposed findings of fact and conclusions of law and reissuing them as the Board's opinion. Appellant's Br. at 34-36. Second, Appellant maintains that the Board committed errors of law and abused its discretion by determining that Appellant's Property was not, in reality, two preexisting, nonconforming lots. *Id.* at 13-33.

We are unpersuaded by Appellant's first argument. It is true that the Board adopted the Township's proposed factual findings and legal conclusions in a less than ideal manner; indeed, the Board appears to have adopted them without any alteration, down to titling the opinion's subheadings as "proposed findings of fact" and "proposed conclusions of law" and copying the Township's misnumbering of certain paragraphs. *Compare* Bd.'s Op., *with* Twp.'s Proposed Findings of Fact and Conclusions of Law. It remains, however, that there is no legal prohibition against such adoption. Per Section 908(9) of the Pennsylvania Municipalities Planning Code (MPC),[3] the Board was simply required to issue a written, dispositive decision

---

[2] As Common Pleas took no additional evidence, our standard of review is restricted to determining whether the Board committed an abuse of discretion or an error of law. *Valley View Civic Ass'n v. Zoning Bd. of Adjustment*, 462 A.2d 637, 639-40 (Pa. 1983). "We may conclude that the Board abused its discretion only if its findings are not supported by substantial evidence. By 'substantial evidence' we mean such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 640 (cleaned up). In addition, we note that "[t]he role of the zoning hearing board is that of fact-finder. [To that end, a] reviewing court may not substitute its judgment for that of the zoning hearing board; rather, the court is bound by the zoning hearing board's determinations of witness credibility and evidentiary weight." *In re Rural Route Neighbors*, 960 A.2d 856, 860 (Pa. Cmwlth. 2008) (cleaned up).

[3] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. § 10908(9).

3

regarding Appellant's Zoning Application that contained "findings of fact and conclusions based thereon together with the reasons therefor." 53 P.S. § 10908(9). "In other words, the [MPC] mandates that the Board issue an opinion . . . setting forth the essential findings of fact, conclusions of law, and sufficient rationale to demonstrate that its action was reasoned and not arbitrary." *Allied Servs. for Handicapped, Inc. v. Zoning & Hr'g Bd. of City of Scranton*, 459 A.2d 60, 61 (Pa. Cmwlth. 1983). The Board's opinion satisfied these requirements and, thus, constitutes a technically valid decision under the MPC.[4]

Appellant's second argument is similarly without merit. It is well settled that the burden of establishing a nonconformity falls upon the landowner "who would claim the benefits of the rights accorded the property with that status." *Appeal of Lester M. Prange, Inc.*, 647 A.2d 279, 281 (Pa. Cmwlth. 1994). This burden can be satisfied only in the event that a landowner presents objective evidence that proves, to a zoning hearing board's satisfaction, that the alleged nonconformity actually exists. *Id.* at 281-82.

In this instance, the record is devoid of *objective* evidence that would support Appellant's nonconforming lot argument. Appellant testified to the Board that she and her former husband had purchased the Property in 2002 with the understanding that it contained the aforementioned two nonconforming lots, and offered the 2002 deed, as well as a 2002 title insurance policy and a 2021 title insurance commitment in support of her claim. *See* Bd. Hr'g Tr., 11/1/21, at 11-15,

---

[4] This situation is thus distinguishable from *Allied*, wherein we ruled that the Zoning and Hearing Board of Scranton (Scranton ZHB) had failed to comply with Section 908(9) by adopting by reference a legal opinion that had been issued by the City of Scranton's legal department. 459 A.2d at 61. We came to that conclusion because the Scranton ZHB had simply issued "a statement adopting the conclusion that [the at-issue] application [was], in effect, a request for a special exception, and a statement that the request for a special exception [was] denied[,] unaccompanied by findings of fact, conclusions of law, and rationale in support of the denial." *Id.*

4

18; Bd.'s Op., Findings of Fact (F.F.) ¶¶3-4. As noted by the Board, Appellant's *subjective* beliefs regarding the character of her Property do not constitute sufficient evidence to satisfy her burden. *See* Bd.'s Op., Conclusions of Law, ¶3; *Prange*, 647 A.2d at 281-82. Furthermore, while the 2002 deed notes that the Property consists of "parts of Lots . . . 16 and 17 in Rodger's [sic] Acres Plan[,]"[5] the deed nevertheless characterizes the Property as a single lot, complete with a unitary description of the Property's metes and bounds. *See* 2002 Deed at 1. Similarly, both the 2002 policy and the 2021 commitment also classify the Property as a single parcel of land. *See* 2002 Policy at 4; 2021 Commitment at 1. As for the Township, its expert witness testified that the Township's Board of Commissioners had approved a subdivision plan in January 1970, which had subdivided and consolidated Lots 16 and 17 into two new parcels, *i.e.*, the Property and a separate piece of adjacent land to the west. Bd. Hr'g Tr., 11/1/21, at 34, 40-43; *see id.* at 43-44 (expert witness testified that the Property's metes and bounds exactly match those laid out for eastside lot in the subdivision plan). In addition, the expert witness stated that the Property had been consistently treated as a unified parcel from that point onwards, as evidenced by all of the successive deed conveyances and Allegheny County's tax records. *Id.* at 44-46.[6] All of these data points support the Board's conclusion that the Property does not consist of two preexisting, nonconforming lots.

Appellant rejoins that the Board's denial of her Zoning Application was nevertheless an abuse of discretion and legally erroneous because the

---

[5] As we explained in *O'Hara I*, "the Rodgers Acres Plan of Lots . . . was recorded with the Allegheny County Recorder of Deeds [on March 22, 1950], subdividing a large parcel of land in the Township into 21 lots, including Lots 16 and 17[.]" Slip op. at 2, 2020 WL 2394268, at *1.

[6] The Board also credited the Township's evidence that the adjacent parcel had been separately sold in 1978 to another couple, who still owned that parcel as of the date of the Board's opinion. Bd.'s Op., F.F. ¶30 n.3; *see* Marsico Deed at 1-4.

5

aforementioned subdivision plan was never officially recorded with Allegheny County. According to Appellant, this failure both deprived her of adequate notice regarding the Property's putatively unitary nature and caused the subdivision plan to have no legal effect. *See* Appellant's Br. at 20-23, 27-33.

Appellant's assertions on these points are without merit for several reasons, however. First, as already noted, the Property was described in the 2002 deed as being a unitary parcel that is comprised of portions of what used to be Lots 16 and 17; therefore, Appellant cannot plausibly argue that she was unaware at the time of purchase that the Property did not contain two preexisting, nonconforming lots. Second, it is true that the record contains no proof that the subdivision plan was ever formally recorded with Allegheny County; it remains, however, that there *is* ample evidence showing that the plan was approved by the Township's Board of Commissioners in 1970, as well as that the Property has been consistently treated as a unitary parcel from that point onwards by both the government and the parties to subsequent deed transfers. Given this, it was reasonable for the Board to conclude that the approved plan had possibly been misfiled. *See* Bd.'s Op., F.F. ¶24. Third, Appellant fails to identify any case or statutory law that would render void an actively implemented and government-approved subdivision in this type of situation.[7] Finally, and most glaringly, Appellant essentially takes the position that

---

[7] Appellant argues that this recordation failure renders the subdivision plan void on account of three statutes, Section 513(a) of the MPC, 53 P.S. § 10513(a); Section 1 of the Act of March 18, 1775, 1 Sm.L. 422, *as amended*, 21 P.S. § 444; and Section 1 of the Act of May 12, 1925, P.L. 613, *as amended*, 21 P.S. § 351. *See* Appellant's Br. at 27-30. While Section 513(a) of the MPC does require recordation of a final subdivision plan with the relevant office of the recorder of deeds within 90 days of the plan's approval, it is conspicuously silent as to the effect of a failure to comply with this requirement. *See* 53 P.S. § 10513(a). Thus, Section 513(a) cannot serve as a basis for deeming invalid the subdivision plan purely on the basis that it was not recorded. As for the remaining two statutes, they only require recordation of deeds and other property interest

the subdivision plan is valid insofar as its creation of the Property and the adjacent parcel to the west, but is *invalid* insofar as its dissolution of the original boundary line between Lot 16 and Lot 17. Obviously, the subdivision of the original lots cannot have simultaneously occurred and not occurred; this is a land use matter, not a question of quantum physics. Appellant cannot elect to invoke only those parts of the plan that work to her benefit; either the subdivision plan had no legal force, resulting in Lots 16 and 17 retaining their original metes and bounds, or the plan went into effect, thereby splitting and reforming those lots into the Property and the adjacent parcel. The Board concluded that the latter scenario had occurred, a determination regarding which there is abundant supporting evidence in the record.

### III. CONCLUSION

In light of the foregoing analysis, we hold that the Board did not abuse its discretion or commit an error of law by adopting the Township's proposed findings of fact and conclusions of law, or by concluding that Appellant had failed to prove that the Property consists of two preexisting, nonconforming lots. Accordingly, we affirm Common Pleas' December 18, 2023 order.

_____
**LORI A. DUMAS, Judge**

---

conveyances. *See* 21 P.S. §§ 351, 444. Those statutes therefore have no bearing on the validity of the subdivision plan, because that plan did not serve to convey an interest in Lot 16 or Lot 17 to another individual or entity.

7

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Li Lan An,                        :
             Appellant           :
                        :   No. 37 C.D. 2024
           v.                  :
                        :
Zoning Hearing Board of O'Hara    :
Township and Township of O'Hara   :

## **O R D E R**

AND NOW, this 5th day of March, 2025, the order issued on December 18, 2023, by the Court of Common Pleas of Allegheny County is AFFIRMED.

 

                                   _____

                                   **LORI A. DUMAS, Judge**