IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Penske Truck Leasing Co., L.P.,   :
Glenn Emmery, Perry A. Haas, Sr.,   :
Susan Haas, Dianne Bonaccorsi-   :
Muvdi MD, B. Charles Muvdi MD,   :
Bonaccorsi-Muvdi Properties, LLC,   :
David Robinson, Rick Wolf a/k/a   :
Eric L. Wolf, and Joann Dowling   :
  :
      v.   :   No. 791 C.D. 2024
  :   Argued: December 8, 2025
The Zoning Hearing Board of   :
Cumru Township, Berks County,   :
Pennsylvania, Route 10 Realty, LLC,   :
and Northpoint Development, LLC   :
  :
Appeal of: Route 10 Realty, LLC   :


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
        HONORABLE MICHAEL H. WOJCIK, Judge (P.)
        HONORABLE MARY HANNAH LEAVITT, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
PRESIDENT JUDGE COHN JUBELIRER       FILED: February 2, 2026


Route 10 Realty, LLC (Route 10 Realty) appeals the May 31, 2024 Order of the Court of Common Pleas of Berks County (trial court), which vacated the July 25, 2023 Decision of the Zoning Hearing Board of Cumru Township (Zoning Board) and remanded this matter to a referee to conduct hearings, develop a record, and render findings of fact and conclusions of law in accordance with the Pennsylvania

Municipalities Planning Code (MPC)[1] and the Pennsylvania Sunshine Act.[2, 3] The Zoning Board's Decision denied the Application for Substantive Challenge to the Validity of Cumru Township Ordinance No. 753 (Validity Challenge) filed by Penske Truck Leasing Co., L.P., Glenn Emery, Perry A. Haas, Sr., Susan Haas, Diane Bonaccorsi-Muvdi MD, B. Charles Muvdi MD, David Robinson, and Rick Wolf, a/k/a Eric L. Wolf (Challengers). Challengers, along with Bonaccorsi-Muvdi Properties, LLC and Joann Dowling (collectively, Appellees), filed a land use appeal of the Decision in the trial court. Without addressing the merits, the trial court concluded that the Zoning Board procedurally erred in reaching the Decision because the Board did not create a complete and independent record as the Board did not facilitate public participation, allow public comment, and independently establish findings of fact. After review, the Court, respectfully, reverses the Order and remands for the trial court to address the merits of Appellees' land use appeal, starting with standing as to all Appellees.

## I. BACKGROUND

The events underlying the instant matter began in 2018, at which time Route 10 Realty equitably owned two properties located along State Route 10 in Cumru Township (Township). On April 16, 2018, Route 10 Realty requested that the Township rezone the properties from the Rural Conservation and Agricultural

---

[1] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§ 10101-11202.

[2] 65 Pa.C.S. §§ 701-716.

[3] Route 10 Realty and Northpoint Development, LLC (Northpoint) jointly filed a Notice of Appeal of the Order on June 14, 2024. On September 26, 2024, this Court denied Appellees' Motion to Dismiss Appeal for Lack of Final Judgment and for Mootness, concluding that the Order is an immediately appealable interlocutory order pursuant to Pennsylvania Rule of Appellate Procedure 311(f)(2), Pa.R.A.P. 311(f)(2). On September 16, 2025, this Court granted in part Northpoint's praecipe to withdraw its notice of intervention, removing Northpoint as an appellant in this matter.

Districts to the General Industrial Zoning District (GI District).[4]  In June 2018, the Township Board of Commissioners scheduled a public hearing for July 17, 2018, to consider and receive public comment on whether to amend the Township's zoning map to rezone the properties owned by Route 10 Realty in addition to seven other properties along State Route 10 into the GI District.  Also in June 2018, the Township advertised for sealed bids to purchase a property it owned along State Route 10, which was one of the nine properties listed for rezoning consideration by the Board of Commissioners.[5]

On July 17, 2018, the Board of Commissioners held two hearings.  First, the Board of Commissioners held the hearing on the rezoning of the properties along State Route 10, during which numerous members of the public commented, two engineers testified, and the Commissioners accepted documents into the record. Second, the Board of Commissioners held a regularly scheduled hearing.  At the second hearing, among other things, the Board of Commissioners accepted the only bid received to purchase the Township-owned property along State Route 10, which was made by Route 10 Realty.

On July 31, 2018, the Board of Commissioners held a meeting at which the Commissioners heard additional public comment on the proposed rezoning.  At this meeting, the Township Solicitor informed the public that a majority of the properties were removed from rezoning consideration at the request of the property owners. The same day, the Board of Commissioners adopted Ordinance No. 753, amending the Township's zoning map to rezone into the GI District three properties:  a property

---

[4] The two properties equitably owned by Route 10 Realty are identified by tax parcel numbers (Nos.) 39530504945553 and 39530504844608.  Tax parcel No. 39530504945553 is located partially in the Rural Conservation District and partially in the Agricultural District.  Tax parcel No. 39530504844608 is located entirely in the Agricultural District.

[5] The Township's property is identified by tax parcel No. 39530520922142.

3

owned by William B. Whitman; the Township's property; and a portion of one of the properties owned by Route 10 Realty (collectively, Rezoned Properties).

After the Board of Commissioners adopted Ordinance No. 753, Route 10 Realty and the Township closed on the sale of the Township's property in the Rezoned Properties. Subsequently, Route 10 Realty abandoned its plan to develop its portion of the Rezoned Properties and, instead, sold the properties to Northpoint Development, LLC (Northpoint). In August 2022, Northpoint submitted a subdivision and land development plan with the Township, seeking to construct an approximately 738,000-square-foot warehouse on its newly acquired portions of the Rezoned Properties.

The following month, Challengers filed the Validity Challenge with the Zoning Board pursuant to Section 916.1 of the MPC, 53 P.S. § 10916.1.[6] Therein, Challengers argued that in adopting Ordinance No. 753, the Board of Commissioners (1) abused its discretion, (2) violated the MPC and the Environmental Rights Amendment (ERA) of the Pennsylvania Constitution, PA. CONST. art. 1, § 27, and (3) acted contrary to the Cumru Township Zoning Ordinance of 2009 (Zoning Ordinance),[7] the Berks County Comprehensive Plan, and the Governor Mifflin Joint Comprehensive Plan. Challengers further argued that Ordinance No. 753 constituted an unlawful spot zoning. Challengers thus requested that the Zoning Board declare Ordinance No. 753 invalid and *void ab initio*.

In response, Route 10 Realty and Northpoint intervened in the Validity Challenge. Additionally, the Zoning Board scheduled a hearing on the Validity Challenge in accordance with the following public notice:

---

[6] Section 916.1 was added by Section 99 of the Act of December 21, 1988, P.L. 1329.
[7] CUMRU TWP., BERKS CNTY., PA., ZONING ORDINANCE §§ 101-1402 (2009).

4

NOTICE IS HEREBY GIVEN that a public hearing will be held by the [Zoning Board] on Monday, January 23, 2023, at 6:00 p.m., at the Governor Mifflin Intermediate School Cafeteria located at 600 Governor Drive, Shillington, Pennsylvania 19607, at which time the Board will consider the Application for Substantive Challenge to the Validity of Cumru Township Ordinance No. 753 filed by Penske Truck Leasing Co., L.P., Glenn Emery, Perry A. Haas, Sr., Susan Haas, Diane Bonaccorsi-Muvdi MD, B. Charles Muvdi MD, David Robinson, and Rick Wolf a/k/a Eric L. Wolf vs. Board of Commissioners of Cumru Township, Berks County, Pennsylvania.

Any person interested in this application will be given the opportunity to be heard by the Board.

(Reproduced Record (R.R.) at 578a, 580a.)

From January 23, 2023, through May 31, 2023, the Zoning Board held seven well-attended, public hearings on the Validity Challenge, at which Challengers, Route 10 Realty, and Northpoint presented testimony and evidence. However, during the middle of the final hearing on May 31, 2023, the Zoning Board's Solicitor explained that public comment would not be taken on the Validity Challenge:

A question was raised whether public comment is going to be taken. It is not going to be taken. This is not that type of hearing. It's not a special exception or a variance. This is specific to the [a]pplicants and the people who are being challenged and the Township, so there will be no public comment, just so you know.

(*Id.* at 791a.) The Zoning Board also did not advise the members of the public in attendance at the hearings on how to become a party to the Validity Challenge, although it reiterated at the start of the first hearing on January 23, 2023, that "[a]ny person interested in the [Validity Challenge] will be given the opportunity to be heard by the [Zoning] Board." (*Id.* at 603a.)

The Zoning Board denied the Validity Challenge on July 25, 2023, concluding in the Decision that the Challengers lacked standing. The Zoning Board also

5

determined that the Challengers did not meet their burden to establish that the Board of Commissioners violated the ERA and Ordinance No. 753 constituted spot zoning. The Zoning Board did not directly address whether the Board of Commissioners violated the Zoning Ordinance, the Berks County Comprehensive Plan, or the Governor Mifflin Joint Comprehensive Plan in adopting Ordinance No. 753.

On August 21, 2023, Challengers filed a Notice of Land Use Appeal with the trial court. While not parties to the Validity Challenge before the Zoning Board, Challengers included Bonaccorsi-Muvdi Properties and Dowling as named parties in the appeal. Appellees asserted that Bonaccorsi-Muvdi Properties and Dowling were proper parties on appeal because "although not listed in the caption of the [Validity Challenge]," both Bonaccorsi-Muvdi Properties and Dowling "[were] present at the time of the hearings in this matter." (*Id.* at 9a.) Additionally, Appellees contended that Diane Bonaccorsi-Muvdi and B. Charles Muvdi, who were parties to the Validity Challenge, "participated and testified in said hearings on behalf of themselves and Bonaccorsi-Muvdi Properties." (*Id.*) As for Dowling, Appellees maintained that the Zoning Board prevented her from becoming a party to or making public comment on the Validity Challenge. (*Id.*)

On the merits, Appellees asserted the Zoning Board erred procedurally and substantively in reaching the Decision. Procedurally, Appellees argued the Zoning Board erred by "not allowing residents the ability to make themselves parties or to allow public comment on the [Validity Challenge]." (*Id.* at 11a.) Substantively, Appellees argued the Zoning Board erred in its conclusions on standing, the ERA, and spot zoning, and that the Decision is not supported by the record.

After briefing was complete, the trial court held oral argument in April 2024. At the start of oral argument, Appellees argued that the entirety of the Zoning

6

Board's proceedings on the Validity Challenge "are likely void" because the Zoning Board violated the Zoning Ordinance, MPC, and Sunshine Act by not providing "the residents in attendance . . . the opportunity to make themselves parties to the proceedings, make public comment . . . , or participate in any way." (*Id.* at 3750a.) Because of the procedural errors by the Zoning Board, Appellees requested that the trial court remand the matter to "a neutral referee in order to fix the deficiencies with the hearing." (*Id.* at 3752a, 3760a (asserting that the procedural errors "cannot be remedied without a remand to a referee" and "is a proper basis for remand to a hearing officer under the [MPC]").) After addressing the procedural issues, the parties argued the issues of standing, the ERA, and spot zoning.

By a May 17, 2024 order, the trial court remanded the matter to the Zoning Board. In response to a motion filed by Appellees requesting that the trial court reconsider its decision to remand to the Zoning Board rather than a referee, the trial court issued the Order. Therein, the trial court vacated its May 17, 2024 order, vacated the Decision, and remanded the matter to a referee. Additionally, the trial court directed the referee to conduct hearings, develop a record, and render findings of fact and conclusions of law. The trial court further required the referee to elicit testimony, evidence, and public comment on the anticipated impact of Northpoint's proposed use of its portion of the Rezoned Properties before reaching a final decision. Lastly, the trial court held in abeyance the merits of Appellees' appeal, including the issue of standing, until the referee rendered a new decision.

In an opinion pursuant to Pennsylvania Rule of Appellate Procedure 1925(a), Pa.R.A.P. 1925(a), the trial court opined that "it was left with no alternative but to . . . remand[] this matter" to "an independent referee" because of "procedural due process concerns, along with the Zoning [] Board's incomplete [f]indings that

7

frustrated [its] ability to competently address the more substantive issues that were raised in the underlying [l]and [u]se [a]ppeal." (1925(a) Opinion (Op.) at 2-3, 40.) In particular, the trial court

> took issue with the Zoning [] Board's notice that was provided to the public, the refusal by the Zoning [] Board to allow for public comment, the failure to instruct the public on how they may become a party or otherwise participate in any of the numerous public hearings, the consequential effects of the lack of public participation, and the inability of [the trial] court to render well-reasoned decisions on all the issues that were raised based on the Zoning [] Board's lack of full and complete [f]indings of [f]act.

(*Id.* at 2.) Based on its concerns, the trial court concluded that the Zoning Board did not comply with the MPC when reaching its Decision by:

> (1) willfully failing to provide any instruction, mechanism, or procedure on how members of the public could enter their appearance and be heard on a matter of great importance and potential significant impact to their community; (2) willfully violating Section []908 of the MPC[, 53 P.S. § 10908,] and Section 710.1(a) of the Sunshine Act[, 65 Pa.C.S. § 710.1(a),] by failing to allow for any public comment of great concern, despite its public notice that clearly and unequivocally advised the public that it would have the opportunity to do so; and (3) failing to create an independent record of substantial evidence that would allow [the trial] court to render a legally justifiable ruling on each of the issues that were properly raised in []Appellees['] [l]and [u]se [a]ppeal.

(*Id.* at 25.) Therefore, the trial court remanded to a referee and held in abeyance the merits of the appeal.

Route 10 Realty now appeals to this Court.

## II. DISCUSSION

On appeal,[8] Route 10 Realty argues the trial court erred in: (1) relying upon alleged deficiencies in the public notice on the Validity Challenge and alleged Sunshine Act violations as to public comment because Appellees waived these arguments; (2) concluding the Zoning Board violated the MPC and Sunshine Act by not providing procedures for members of the public to obtain party status or allowing public comment, respectively; (3) not concluding that Bonaccorsi-Muvdi Properties and Dowling are improper parties before the trial court; (4) concluding the Zoning Board did not create an independent record or findings of fact; (5) concluding that Appellees motioned for the trial court to remand the matter to a referee;[9] and (6) not considering the merits of Appellees' land use appeal, including the issues as to standing, the ERA, and spot zoning.

### A. Waiver

We begin with the issue of waiver as those arguments would limit the Court's review. Route 10 Realty asserts that Appellees waived any arguments as to the Zoning Board's public notice on the Validity Challenge and the Sunshine Act because Appellees did not first raise the issues in the Notice of Land Use Appeal. Rather, Route 10 Realty maintains that Appellees first argued that the public notice

---

[8] Generally, "[w]here the trial court does not take additional evidence, appellate review of the decision of a zoning hearing board is limited to determining whether the board abused its discretion or erred as a matter of law." *RDM Grp. v. Pittston Twp. Zoning Hearing Bd.*, 311 A.3d 1216, 1223-24 (Pa. Cmwlth.) (citation omitted), *appeal denied*, 326 A.3d 400 (Pa. 2024). When the trial court "remands a land use matter for findings sufficient for appellate review," the Court reviews whether the trial court abused its discretion, which "exists where the trial court reached a conclusion which overrides or misapplies the law, or when the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will." *Robal Assocs., Inc. v. Bd. of Supervisors of Charlestown Twp.*, 999 A.2d 630, 634 (Pa. Cmwlth. 2010).

[9] Although it does not take a position regarding the merits of the appeal to this Court, the Zoning Board argues that the trial court erred in remanding to a referee instead of the Board.

9

violated Section 916.1(e) of the MPC, 53 P.S. § 10916.1(e),[10] in its appellate brief to this Court. Additionally, Appellees first argued the Zoning Board violated the Sunshine Act during oral argument before the trial court. Route 10 Realty thus argues that the trial court erred in vacating the Decision and remanding the matter based on alleged deficiencies in the public notice or Sunshine Act violations.

Article X-A of the MPC sets forth the exclusive procedures for securing review of zoning hearing board decisions. Section 1001-A of the MPC, 53 P.S. § 11001-A.[11] Pursuant to Section 1003-A(a) of the MPC, "[l]and use appeals shall be entered as of course by the prothonotary or clerk upon the filing of a land use appeal notice which concisely sets forth the grounds on which the appellant relies." 53 P.S. § 11003-A(a).[12] Because "the language in Section 1003-A is mandatory," the "failure to state the grounds for appeal in the notice of appeal results in waiver." *Pennypacker v. Ferguson Township*, 167 A.3d 209, 213 (Pa. Cmwlth. 2017) (citing cases). All that is required to sufficiently state the grounds for a land use appeal is "[s]ome minimal identification of issues." *Therres v. Zoning Hearing Bd. of Borough of Rose Valley*, 947 A.2d 226, 233 (Pa. Cmwlth. 2008). The "indispensable element" required to meet this "minimal identification" "is an allegation of facts that form the basis of a claim." *Id.* at 231, 233. "Boilerplate allegations or mere conclusory statements," however, "are insufficient to state a ground for appeal." *DoMiJo, LLC v. McLain*, 41 A.3d 967, 971 (Pa. Cmwlth. 2012).

---

[10] Section 916.1(e) of the MPC provides requirements for public notice of hearings on substantive validity challenges: "Public notice of the hearing shall include notice that the validity of the ordinance or map is in question and shall give the place where and the times when a copy of the request, including any plans, explanatory material or proposed amendments may be examined by the public." 53 P.S. § 10916.1(e).

[11] Section 1001-A was added by Section 101 of the Act of December 21, 1988, P.L. 1329.

[12] Section 1003-A was added by Section 101 of the Act of December 21, 1988, P.L. 1329.

Here, Appellees stated in the Notice of Land Use Appeal the following relevant grounds for appeal:

[] The Zoning [] Board abused its discretion and/or erred as a matter of law in not allowing residents the ability to make themselves parties or to allow public comment on the [Validity Challenge];

[] The Zoning [] Board abused its discretion and/or erred as a matter of law as to whether [Ordinance No. 753] was a fundamentally unfair proceeding, which resulted in a denial of due process;

[] The Decision and [Ordinance No. 753] are contrary to the laws of the Commonwealth of Pennsylvania and the Zoning Ordinance[FN 4]; [and]

[FN 4:] It should be noted the Zoning [] Board made no finding that [Ordinance No. 753] is or is not in compliance with the . . . Zoning Ordinance and the MPC despite allegations [Ordinance No. 753] is not in compliance with various sections of the same.

[] The Decision and [Ordinance No. 753] are contrary to the policies and statutory provisions of the [] MPC . . . .

(R.R. at 11a-12a.) Based on the foregoing, Appellees do not allege any facts to form the basis of a claim as to the legal insufficiency of the Zoning Board's public notice on the Validity Challenge. Indeed, contrary to Route 10 Realty's assertion, a review of the record reveals that Appellees did not develop any facts or argument regarding the public notice until their brief to the trial court, where Appellees assert that the notice violates Section 916.1(e) of the MPC. Consequently, we are constrained to find Appellees waived any argument as to the legal insufficiency of the Zoning Board's public notice on the Validity Challenge by not raising that issue in the first instance in their Notice of Land Use Appeal, and the trial court erred to the extent it relied upon the same in vacating the Decision. *See Pennypacker*, 167 A.3d at 213.

11

However, Appellees did not waive their arguments regarding violations of the Sunshine Act. Section 710.1(a) of the Sunshine Act provides in relevant part that

> the board or council of a political subdivision or of an authority created by a political subdivision **shall provide a reasonable opportunity** at each advertised regular meeting and advertised special meeting **for residents of the political subdivision** or of the authority created by a political subdivision or for taxpayers of the political subdivision or of the authority created by a political subdivision or for both **to comment on matters of concern, official action or deliberation** which are or may be before the board or council prior to taking official action.

65 Pa.C.S. § 710.1(a) (emphasis added). By stating that the Zoning Board erred in not allowing residents to publicly comment during the hearings on the Validity Challenge, Appellees sufficiently alleged facts to form the basis of a Sunshine Act claim. *See Therres*, 947 A.2d at 231, 233. Therefore, Appellees did not waive their arguments as to the Sunshine Act.

*B. Public Participation and Comment*

Next, Route 10 Realty argues the trial court erred in concluding that the Zoning Board violated Section 908 of the MPC and Section 710.1(a) of the Sunshine Act by not facilitating public participation or allowing public comment during the proceedings on the Validity Challenge, respectively. We begin with the alleged violations of the Sunshine Act.

1. Alleged Violations of the Sunshine Act

Route 10 Realty argues the trial court erred in vacating the Decision and remanding the matter based on Section 710.1(a) of the Sunshine Act because Appellees did not timely file a challenge in accordance with Section 713 of the Act. Route 10 Realty contends that a challenge under the Sunshine Act must be filed

within 30 days of the meeting at which the alleged violation occurred. Because Appellees alleged that the Zoning Board violated the Sunshine Act during the hearing on May 31, 2023, Route 10 Realty asserts Appellees did not timely file a Sunshine Act challenge in its August 21, 2023 land use appeal. Consequently, Route 10 Realty argues the trial court lacked jurisdiction to address Appellees' Sunshine Act arguments.

Appellees retort that they timely filed a Sunshine Act challenge because they filed the land use appeal within 30 days of the meeting at which the Zoning Board met and announced the Decision.[13] Because "in theory" the Zoning Board could have corrected the Sunshine Act violation that occurred at the May 31, 2023 hearing by allowing public comment during the hearing at which it announced the Decision, Appellees maintain the Sunshine Act violation continued from the May 31, 2023 hearing until the Decision was announced on July 25, 2023. (Appellees' Br. at 39.) Since Appellees appealed the Decision within 30 days of its announcement, Appellees argue the trial court has jurisdiction over its Sunshine Act challenge.

Section 713 of the Sunshine Act limits the time in which a party may bring a legal challenge under the Act:

> A legal challenge under this chapter shall be filed within 30 days from the date of a meeting which is open, or within 30 days from the discovery of any action that occurred at a meeting which was not open at which this chapter was violated, provided that, in the case of a meeting which was not open, no legal challenge may be commenced more than one year from the date of said meeting. . . .

---

[13] In their brief to this Court, Appellees assert that the Board issued the Decision at a meeting on either June 30, 2023, or June 30, 2024. However, the record shows that Board issued the Decision on July 25, 2023. We view this discrepancy as merely an inadvertent mistake.

65 Pa.C.S. § 713. "This Court has consistently interpreted Section 713, and its time limitations, in accordance with its plain language." *Smith v. Bd. of Supervisors of W. Pennsboro Twp.* (Pa. Cmwlth., No. 873 C.D. 2017, filed Dec. 19, 2018), slip op. at 19.[14] Accordingly, Section 713 requires a legal challenge under the Sunshine Act to be filed **within 30 days of an open meeting** at which a violation is alleged to have occurred. *Lawrence County v. Brenner*, 582 A.2d 79, 82 (Pa. Cmwlth. 1990).[15] If the meeting is closed, however, Section 713 "require[s] a legal challenge under the Act to be filed within thirty days of the date that an individual becomes aware of a violation of the Act." *Day v. Civ. Serv. Comm'n of Borough of Carlisle*, 931 A.2d 646, 652 (Pa. 2007). Because "[t]he timeliness of an appeal involves jurisdiction," courts may not review the merits of untimely Sunshine Act challenges. *Id.* at 651-52. As a jurisdictional question, courts may address the timeliness of a Sunshine Act challenge *sua sponte*. *Id.* at 652.

In *Smith*, for example, the objectors argued that a township board of supervisors violated Section 710.1(a) of the Sunshine Act by not taking public comment during the second of five open meetings on the rezoning of properties in the township. Although the board of supervisors did take public comment at the remaining hearings, the objectors maintained the supervisors violated the Sunshine Act during the second meeting in June 2016 because public comment was required at each meeting. The objectors further argued that public comment at subsequent hearings did not cure the June 2016 violation because "the lack of public comment

---

[14] Unreported panel decisions of this Court may be cited for their persuasive value pursuant to Pennsylvania Rule of Appellate Procedure 126(b), Pa.R.A.P. 126(b), and Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

[15] *Brenner* interpreted the predecessor to Section 713 of the Sunshine Act. 582 A.2d at 626 n.2. "On October 15, 1998, the predecessor to Section 713, found at 65 Pa.C.S. § 283, was repealed." *Day v. Civ. Serv. Comm'n of Borough of Carlisle*, 931 A.2d 646, 652 n.8 (Pa. 2007).

[] evidence[d] that there was 'pre-determined outcome' and that the deliberative process was 'irredeemably broken.'" *Smith*, slip op. at 18. Although not raised by the parties, this Court concluded that the objectors' Sunshine Act challenge was untimely because it was brought in December 2016, more than 30 days after the June 2016 meeting. To address the merits of the objectors' Sunshine Act challenge, this Court reasoned, would require "this Court to ignore the legislatively enacted time limitation for raising a Sunshine Act violation." *Id.*

Here, Appellees argue the Zoning Board violated Section 710.1(a) of the Sunshine Act during the open hearing on May 31, 2023, at which the Zoning Board's Solicitor informed those in attendance that no public comment would be taken. Appellees thus needed to file their Sunshine Act challenge within 30 days of the May 31, 2023 hearing. *See* 65 Pa.C.S. § 713; *Smith*, slip op. at 18-20. That the Zoning Board, in theory, could have cured this alleged Sunshine Act violation when it announced the Decision on July 25, 2025, does not alter the operative meeting from which Appellees argued the Board erred and, thus, were required to file their challenge. *See Smith*, slip op. at 18-20; *see also Day*, 931 A.2d at 653 (explaining that it is more efficient to require the filing of a Sunshine Act challenge within 30 days of an alleged violation rather than after the proceedings are completed). Indeed, because the alleged violation occurred at the May 31, 2023 hearing, it is the actions from that hearing that the trial court has the discretion to invalidate if the Zoning Board violated the Sunshine Act. *See* 65 Pa.C.S. § 713 ("Should the court determine that the meeting did not meet the requirements of this chapter, it may in its discretion find that any or all official action taken at the meeting shall be invalid."). However, Appellees did not file a Sunshine Act challenge until the land use appeal on August 21, 2023. Because the land use appeal was filed more than 30 days after the

May 31, 2023 hearing, Appellees' Sunshine Act challenge was untimely. Therefore, the trial court should not have considered Appellees' untimely Sunshine Act challenge. *See Day*, 931 A.2d at 651-53.

### 2. Alleged Violations of the MPC

Additionally, Route 10 Realty argues the trial court erred in vacating the Decision and remanding the matter because the Zoning Board did not announce a procedure for members of the public to participate in the proceedings under Section 908(3) of the MPC.[16]  To begin, Route 10 Realty argues that "[i]t is inappropriate for the trial court to *sua sponte* advance a claim for relief on behalf of members of the public at large who have not advanced their own claim" as to party status under Section 908(3). (Route 10 Realty's Br. at 24.)  Notwithstanding, Route 10 Realty asserts that zoning hearing boards are "not required to proactively facilitate" public participation in a substantive validity challenge of a land use ordinance by announcing a procedure for the public to become a party to the matter. (*Id.* at 36.) Rather, while Section 908(3) of the MPC establishes a participation framework generally, Route 10 Realty contends that members of the public must file a written request to participate as a party in a validity challenge pursuant to Section 916.1 of the MPC.  Route 10 Realty further maintains that the requirements of Section 916.1 prevail over Section 908(3) because the former is the more specific provision.  Even if zoning hearing boards must facilitate public participation under Section 908(3), Route 10 Realty contends that the public must in good faith attempt to participate as a party in the proceedings.  Absent any affirmative action to become a party, Route

---

[16] Because the trial court did not address whether Bonaccorsi-Muvdi Properties and Dowling are proper parties to Appellees' land use appeal, we decline to address that issue. We instead leave this issue for the trial court to consider in the first instance on remand.

16

10 Realty argues it is error for a trial court to vacate and remand a zoning hearing board decision based on the board's failure to proactively facilitate public participation for the public at large under Section 908(3) of the MPC.

Appellees counter that while substantive validity challenges are brought under Section 916.1 of the MPC, hearings on the challenges are governed by Section 908. Pursuant to Section 908(3) of the MPC, it is "best practice" for zoning hearing boards "to explain, on the record any steps a citizen must take" to participate as a party. (Appellees' Br. at 19 (citation omitted).) "This practice is necessary," Appellees contend, "because 'the average person would be unfamiliar with the rule requiring a written appearance.'" (*Id.* (citation omitted).) Because the Zoning Board did not provide a clear procedure for the public to participate as a party in the proceedings on the Validity Challenge and informed those in attendance that public comment would not be taken, Appellees argue the trial court properly vacated the Decision and remanded for the development of a complete record.

Section 916.1(a) of the MPC permits landowners to substantively challenge the validity of a local ordinance. 53 P.S. § 10916.1(a). Pursuant to Section 909.1(a)(1) of the MPC, "zoning hearing board[s] shall have exclusive jurisdiction to hear and render final adjudications" as to "[s]ubstantive challenges to the validity of any land use ordinance," subject to exceptions not relevant here. 53 P.S. § 10909.1(a)(1);[17] *see also* 53 P.S. § 10916.1(a)(1). To secure a hearing before the zoning hearing board on a substantive validity challenge, "the challenging party shall make a written request to the board that it hold a hearing on its challenge." 53 P.S. § 10916.1(c)(1). Like all hearings before it, a zoning hearing board must conduct hearings on substantive validity challenges in accordance with Section 908 of the

---

[17] Section 909.1 was added by Section 87 of the Act of December 21, 1988, P.L. 1329.

MPC. *See Heinzee, LLC v. Zoning Hearing Bd. of Twp. of Pocono*, 344 A.3d 113, 119 (Pa. Cmwlth. 2025) (explaining that Section 908 of the MPC "applies to *all* hearings before zoning hearing boards") (emphasis in original); *see also* 53 P.S. § 10908.

Among other things, Section 908(5) of the MPC affords "parties . . . the opportunity to respond and present evidence and argument and cross-examine adverse witnesses on all relevant issues." 53 P.S. § 10908(5). Party status is crucial in substantive validity challenges because the zoning hearing board must base its determination on "the testimony presented at the hearing or hearings." 53 P.S. § 10916.1(c)(5). Who is considered a party before a zoning hearing board is governed by Section 908(3), which provides:

> The parties to the hearing shall be the municipality, any person affected by the application who has made timely appearance of record before the [zoning hearing] board, and any other person including civic or community organizations permitted to appear by the [zoning hearing] board. The [zoning hearing] board shall have power to require that all persons who wish to be considered parties enter appearances in writing on forms provided by the [zoning hearing] board for that purpose.

53 P.S. § 10908(3). Section 908(3) of the MPC establishes who possesses standing to appear before a zoning hearing board to present testimony and, potentially, appeal an adverse decision to the trial court. *See S. Bethlehem Assocs., LP v. Zoning Hearing Bd. of Bethlehem Twp.*, 294 A.3d 441, 445 (Pa. 2023); *see also Scott v. City of Phila., Zoning Bd. of Adjustment*, 126 A.3d 938, 948 (Pa. 2015) ("[B]y defining who is a party under the MPC, Section 908(3) limits who may appear and participate in zoning hearings.").

When a zoning hearing board "does not have an established policy that would allow those in attendance at the hearing to declare their status as parties to the

hearing" under Section 908(3) of the MPC, it is "better practice . . . for the board to explain, on the record[,] any steps a citizen must take to preserve his or her appeal rights." *Grant v. Zoning Hearing Bd. of the Twp. of Penn*, 776 A.2d 356, 359 (Pa. Cmwlth. 2001). Indeed, "the primary responsibility for assuring compliance with proper procedures and ensuring all parties have a right to be heard lies with the [zoning hearing board]." *Coppola v. Smith Twp. Bd. of Supervisors*, 208 A.3d 532, 537-38 (Pa. Cmwlth. 2019). Therefore, when a zoning hearing board does not have a policy or otherwise inform those in attendance at a hearing on how to obtain party status, "individuals who attend a hearing and voice their objections may not be denied standing for failure to formally enter a written appearance before the board." *In re Millbrook Homeowners Ass'n* (Pa. Cmwlth., No. 528 C.D. 2021, filed Sept. 19, 2023), slip op. at 11. However, individuals cannot claim party status when they forego an opportunity to attend and be heard at a hearing, so long as the zoning hearing board does not prevent such an opportunity. *See Leoni v. Whitpain Twp. Zoning Hearing Bd.*, 709 A.2d 999, 1002-03 (Pa. Cmwlth. 1998). At minimum, residents must appear at and **attempt to participate** in a hearing before the zoning hearing board to obtain party status under Section 908(3) of the MPC. *Id.* at 1003; *see also Miravich v. Township of Exeter*, 6 A.3d 1076, 1078 (Pa. Cmwlth. 2010) ("[O]ne who does not appear or object on the record before a [zoning hearing board] does not have standing to appeal the [board's] decision to common pleas.").

*Leoni* and *Grant* are instructive on the steps that individuals must take to secure party status under Section 908(3) of the MPC. In *Leoni*, the Leonis argued that the trial court erred in holding that they did not have standing to appeal a zoning hearing board decision "despite their failure to appear or otherwise object before the [b]oard." 709 A.2d at 1001. A panel of this Court disagreed and affirmed the trial

19

court. We explained that if there is sufficient notice on a zoning hearing board's proceeding, an individual must "appear or at least raise some objection before the [b]oard" to become a party before the board. *Id.* at 1003. Although the Leonis "had an opportunity to attend the hearing, object and be heard, [] they gave up that opportunity." *Id.* at 1002-03. Thus, this Court held that the Leonis were not parties before the board because they "did not participate in any way in the [b]oard proceedings" and the board did not prevent them from appearing or objecting. *Id.*

In *Grant*, an appellant argued that the trial court erred in holding that the Grants had standing to appeal a zoning hearing board decision because they did not become parties before the board by formally entering an appearance. A panel of this Court disagreed, concluding that the Grants were parties before the zoning hearing board because "the [b]oard d[id] not have an established policy that would allow those in attendance at the hearing to declare their status as parties to the hearing" and the Grants' "actions before the [b]oard were substantive." 776 A.2d at 359. Indeed, the Grants "testified under oath, voiced objections to the special exception and raised questions, which questions the [b]oard then posed to [a]ppellants." *Id.* While "[t]he better practice would be for the board to explain, on the record[,] any steps a citizen must take to preserve his or her appeal rights," this Court thus held that the Grants' substantive actions before the zoning hearing board were sufficient to establish party status in the absence of any policy on how to declare such status. *Id.*

Here, we cannot conclude that the Zoning Board violated Section 908(3) of the MPC as to unnamed members of the public at large. Although the Zoning Board did not establish a policy or otherwise advise those in attendance at the Validity Challenge hearings on how to declare party status, the Board notified the public, before and during the first hearing, that "[a]ny person interested in [the Validity

20

Challenge] will be given the opportunity to be heard by the Board." (R.R. at 578a, 603a.) There is nothing in the record, however, to suggest that members of the public attempted to seize this opportunity by appearing or raising an objection before the Zoning Board at any of the seven well-attended hearings on the Validity Challenge. Nor does the record reflect that anyone objected and attempted to assert the right to participate when the Zoning Board's Solicitor informed those in attendance during the middle of the final hearing that public comment would not be taken. While the Zoning Board could have taken public comment, Section 908(3) of the MPC does not require the Board to do so. *See* 53 P.S. § 10908(3); *see also Zangrilli v. Zoning Hearing Bd. of Borough of Dormont*, 692 A.2d 656, 660 (Pa. Cmwlth. 1997) (explaining that a zoning hearing board may allow public comment during hearings held pursuant to Section 908 of the MPC). In any event, Appellees cannot assert on appeal the right to party status, and thus standing, for **unnamed** members of the public at large as those individuals must generally assert this right on their own behalf before the zoning hearing board.[18] *See Leoni*, 709 A.2d at 1002-03; *see also Spicer v. W. Montgomery Cnty. Vocational & Tech. Sch.*, 557 A.2d 1134, 1135-36 (Pa. Cmwlth. 1989) ("It is inappropriate for one party to assert another party's rights as it lacks standing to do so."). Therefore, although it would have been "better practice" for the Zoning Board to advise those in attendance at the hearings on how to become a party to the matter, the Court cannot conclude that the Board erred when the record does not reflect that any member of the public attempted to appear or

---

[18] Under certain circumstances a party may assert standing on behalf of third parties. *See Allegheny Reprod. Health Ctr. v. Pa. Dep't Hum. Servs.*, 309 A.3d 808, 832-35 (Pa. 2024) (discussing third-party standing under Pennsylvania law). Here, however, the record does not show that any party to the Validity Challenge attempted to assert standing for anyone else before the Zoning Board.

21

participate in any way in the proceedings but were denied by the Board.[19] *See Grant*, 776 A.2d at 359; *Leoni*, 709 A.2d at 1002-03.

### C. The Zoning Board's Findings of Fact

Lastly, Route 10 Realty disagrees with Appellees and the trial court that the Zoning Board "did not conduct its own full and independent factfinding" simply because it adopted the findings of fact proposed by Route 10 Realty and Northpoint. (Route 10 Realty's Reply Br. at 18; Route 10 Realty's Br. at 16 n.5.) Route 10 Realty thus argues that this alleged lack of "full and independent factfinding" cannot form the basis of the trial court's remand. (Route 10 Realty's Reply Br. at 19.)

This Court's recent decision in *An v. Zoning Hearing Board of O'Hara Township* (Pa. Cmwlth., No. 37 C.D. 2024, filed March 5, 2025), is particularly instructive. In *An*, the appellant argued that a zoning hearing board erred by entirely adopting and reissuing as its decision the township's proposed findings of fact and conclusions of law. A panel of this Court was unpersuaded by the appellant's arguments, reasoning as follows:

> It is true that the [b]oard adopted the [t]ownship's proposed factual findings and legal conclusions in a less than ideal manner; indeed, the [b]oard appears to have adopted them without any alteration, down to

---

[19] The trial court cites *Miravich* for the proposition that remanding a land use appeal is proper when "the zoning hearing board did not comply with required procedural protections, including the requirement that it provide a 'mechanism' and a 'clear procedure for entering an appearance.'" (1925(a) Op. at 18, 25, 32 (emphasis removed; citation omitted).) However, *Miravich* is distinguishable from the case at bar. In *Miravich*, this Court concluded that the appellants were not required to appear at a subdivision and land development proceeding before a board of supervisors as a prerequisite for standing to appeal because the rule requiring an appearance imposed by Section 908(3) of the MPC "does not extend to appeals from subdivision and land development decisions." 6 A.3d at 1079. In contrast, Section 908(3) of the MPC applies in the instant case; therefore, as discussed above, those who wished to be a party on the appeal of the Zoning Board's Decision were required to first appear before the Zoning Board. *See* 53 P.S. § 10908(3); *Leoni*, 709 A.2d at 1002-03.

titling the opinion's subheadings as "proposed findings of fact" and "proposed conclusions of law" and copying the [t]ownship's misnumbering of certain paragraphs. . . .  It remains, however, that there is no legal prohibition against such adoption.  Per Section 908(9) of the [MPC], the Board was simply required to issue a written, dispositive decision regarding [a]ppellant's [z]oning [a]pplication that contained "findings of fact and conclusions based thereon together with the reasons therefor."  53 P.S. § 10908(9).  "In other words, the [MPC] mandates that the [b]oard issue an opinion . . . setting forth the essential findings of fact, conclusions of law, and sufficient rationale to demonstrate that its action was reasoned and not arbitrary."  *Allied Servs. for Handicapped, Inc. v. Zoning & Hr'g Bd. of City of Scranton*, 459 A.2d 60, 61 (Pa. Cmwlth. 1983).  The [b]oard's opinion satisfied these requirements and, thus, constitutes a technically valid decision under the MPC.

*Id.*, slip op. at 3-4.  Therefore, the Court concluded that the zoning hearing board did not err in adopting the proposed findings of fact and conclusions of law.

Here, as in *An*, the Decision "constitutes a technically valid decision under the MPC" because it "contain[s] 'findings of fact and conclusions based thereon together with the reasons therefor.'"  *Id.*, slip op. at 4 (quoting 53 P.S. § 10908(9)).  Although the Zoning Board appears to have adopted the findings of fact and conclusions of law proposed by Route 10 Realty and Northpoint largely without alteration, "there is no legal prohibition against such adoption."  *Id.*, slip op. at 3.  The trial court thus erred in vacating the Decision based on the Zoning Board's adoption of the proposed findings of fact and conclusions of law provided by Route 10 Realty and Northpoint.

## III.   CONCLUSION

In summary, the trial court erred in vacating the Decision and remanding the matter based on its conclusion that the Zoning Board did not create a complete and independent record because the Zoning Board did not facilitate public participation,

allow public comment, and independently establish findings of fact.[20] For the foregoing reasons, the Court reverses the trial court's Order and remands for the trial court to address the merits of Appellees' land use appeal, beginning with the issue of standing of all Appellees.

_____
RENÉE COHN JUBELIRER, President Judge

---

[20] In light of these conclusions, we do not address Route 10 Realty's remaining arguments or the Zoning Board's sole argument.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Penske Truck Leasing Co., L.P., :
Glenn Emmery, Perry A. Haas, Sr., :
Susan Haas, Dianne Bonaccorsi- :
Muvdi MD, B. Charles Muvdi MD, :
Bonaccorsi-Muvdi Properties, LLC, :
David Robinson, Rick Wolf a/k/a :
Eric L. Wolf, and Joann Dowling :
                           :
           v.            :    No. 791 C.D. 2024
                           :
The Zoning Hearing Board of :
Cumru Township, Berks County, :
Pennsylvania, Route 10 Realty, LLC, :
and Northpoint Development, LLC :
                           :
Appeal of: Route 10 Realty, LLC :

# **O R D E R**

     **NOW**, February 2, 2026, the May 31, 2024 Order of the Court of Common Pleas of Berks County is **REVERSED**. The above-captioned matter is **REMANDED** for further proceedings consistent with the foregoing Memorandum Opinion.

     Jurisdiction relinquished.

_____
RENÉE COHN JUBELIRER, President Judge
